

FILED
JAMES BONINI
CLERK

10 OCT 18 AM 9: 12

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

**United States District Court
for the Southern District of Ohio
Western Division**

| | |
|---|---|
| **Susan B. Anthony List,** | |
| *Plaintiff,* | |
| *v.* | Cause No. **1:10 C V 720** |
| **Rep. Steve Driehaus**; **John Mroczkowski**, **Bryan Felmet**, **Charles Calvert**, **Jayme Smoot**, **Harvey Shapiro**, **Degee Wilhelm**, and **Larry Wolpert**, Ohio Elections Commission Members, in their official capacities; and **Philip Richter**, Staff Attorney for the Ohio Elections Commission, in his official capacity, | **J. DLOTT** |
| *Defendants.* | |

## Verified Complaint for Declaratory and Injunctive Relief

Plaintiff Susan B. Anthony List complains and alleges as follows:

## Introduction

**1.** This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It concerns the constitutionality of Ohio Revised Code Sections 3517.21(B)(9) and (10).

**2.** Plaintiff complains that Sections 3517.21(B)(9) and (10) are facially unconstitutional because they are both vague and Section 3517.21(B)(9) lacks an actual malice requirement. Plaintiff also complains that Sections 3517.21(B)(9) and (10) are unconstitutional as applied to lobbyists taking positions on political issues. Finally, Plaintiff complains the investigatory procedure Sections 3517.21(B)(9) and (10) initiate is unconstitutional.

**3.** Those who violate either of the provisions may be subject to fines or criminal penalties or both. *Id.* § 3517.992.

## Jurisdiction and Venue

**4.** This case raises questions under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and thus this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343(a).

**5.** Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because the facts giving rise to this action occurred in Cincinnati, Hamilton County, Ohio.

## Parties

**6.** Plaintiff Susan B. Anthony List ("SBA List") is a non-stock, non-profit, corporation organized pursuant to Internal Revenue Code Section 501(c)(4), and it has its principal place of business in Washington, D.C. (Articles of Incorporation, Ex. 1.)

**7.** Defendant members of the Ohio Elections Commission ("Commission") are sued in their official capacity: John Mroczkowski (Chair), Bryan Felmet (Vice Chair), Charles Calvert, Jayme Smoot, Harvey Shapiro, Degee Wilhelm, and Larry Wolpert. Under Ohio law, the Commission has the authority to review, investigate, and conduct hearings upon the filing of a complaint. Ohio Revised Code §§ 3517.153, 3517.154-157.

**8.** Defendant Philip Richter, sued in his official capacity, is the Executive Director of and Staff Attorney for the Commission. As Staff Attorney, Defendant Richter has authority to review complaints and make recommendations to the Commission. Ohio Revised Code § 3517.154; Ohio Admin. Code §§ 3517-1-02(A)(3); 3517-1-10(A).

**9.** Acting by and through his agents and attorneys, Representative Steve Driehaus has

-2-

authority under color of law to issue subpoenas and conduct discovery. Ohio Admin. Code §
3517-1-09.

## Facts

**10.** The SBA List is a 501(c)(4) organization designed to advance pro-life causes.
Its five-part mission is "to elect pro-life women to Congress through its SBA List Candidate
Fund," "to educate voters on critical pro-life issues and on upcoming legislation," "to train and
equip pro-life activists nationwide to run successful political and grassroots campaigns," "to
promote positive responses in both traditional and new media to dispel the myths and distortions
of the abortion lobby," and "to advocate the passage of pro-life legislation in Congress, directly
with legislators and through mobilizing direct citizen lobbying." The SBA List works with and
associates with like-minded organizations to more effectively advance its mission.

**11.** The SBA List decided to inform the public about the political conduct of certain
Congressmen who voted in favor of the Patient Protection and Affordable Care Act ("PPACA").
The PPACA, passed on March 23, 2010, allows for tax-payer funded abortion. The SBA List
chose to disseminate this information during the months immediately leading up to the Novem-
ber 2, 2010, general election to take advantage of heightened political interest.

**12.** Because of Ohio Congressman Rep. Driehaus' vote in favor of the PPACA, the SBA
List created advertising materials (the "Advertisement") which state: "Shame on Steve Driehaus!
Driehaus voted FOR taxpayer-funded abortion." The Advertisement was scheduled to go up on
billboards in the Cincinnati area.

**13.** On or before October 4, 2010, Paul De Marco, Defendant Driehaus' attorney,
communicated with Lamar Advertising Company, the company with whom the SBA List had

obtained to post the Advertisements. Lamar agreed it would not be joined in the Ohio Elections Commission complaint against SBA List provided the company did not post the Advertisement. (Letter from Attorney De Marco to Lamar Advertising Company, Ex. 2.) This agreement chills SBA List's speech because the planned billboards will not be posted.

**14.** On October 4, 2010, Rep. Driehaus filed a complaint pursuant to Ohio Revised Code Section 3517.153(A) against the SBA List before the Commission claiming the Advertisement violated Ohio Revised Code Sections 3517.21(B)(9) and (10). (Driehaus Complaint, Ex. 3.)

**15.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." Ohio Rev. Code § 3517.21(B)(9).

**16.** Ohio Revised Code Section 3517.21(B)(10) states that no person shall "Post, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." *Id.* § 3517.21(B)(10).

**17.** Those who violate either of the provisions may be subject to fines or criminal penalties or both. *Id.* § 3517.992.

**18.** In the complaint, Rep. Driehaus stated "based on press releases issued by [SBA List], we infer the SBA List is referring to the health care reform legislation." (Ex. 3, at 1.)

**19.** In its answer to the complaint, the SBA List asserted, among other arguments, that these provisions are unconstitutional under the First and Fourteenth Amendment and that the Commission should construe these provisions narrowly to avoid such unconstitutionality.

-4-

Despite these constitutional assertions and against the recommendation of the Commission's

Staff Attorney and Executive Director, Philip Richter, the Ohio Election Commission panel

found probable cause that the SBA List violated Ohio Revised Code Sections 3517.21(B)(9) and

(10) on October 14, 2010. The panel referred the matter for a hearing before the full Commis-

sion.

**20.** Pursuant to Ohio law this hearing shall occur "not later than ten business days after

referral by the panel unless there is good cause for the matter to be continued." Ohio Admin.

Code § 3517-1-10. Plaintiff anticipates this hearing will occur on October 28, 2010, as that date

is ten days from the probable cause determination and the next scheduled Commission meeting.

**21.** In preparation for this hearing, Rep. Driehaus, acting under color of state law and

pursuant to the Ohio Rules of Civil Procedure, has initiated extensive discovery. Ohio Admin.

Code § 3517-1-09. The discovery includes a twelve page request for document production. (First

Request for Production of Documents, Ex. 4.) Defendant Driehaus has also issued notice of

depositions to SBA List's President, Executive Director, and Project Director, (Ex. 4.), and

issued numerous subpoenas to third parties with whom the SBA List had associated while the

PPACA was under Congressional consideration. (Subpoenas Issued to Third Parties, Ex. 5.) All

of the document production and depositions must be conducted before the October 28, 2010,

hearing.

**22.** Rep. Driehaus' request for document production "cover[s] the time period from January

1, 2009, through October 19, 2010 " and  includes a request for:

> [A]ll documents, communication (including all letters, e-mails, voice mails, memoranda,
> notes, and/or other recordings of communication either internally or with any other person
> or party (other than Respondent's counsel)), testimony, memoranda, affidavits, information
> or other evidence in Respondent's possession that, in any way, relate to Steve Driehaus,

including, but not limited to, his congressional campaign, his voting record, his personal dealings, his party affiliation, his position on health care reform and/or the PPACA, and/or his past public statements.

(Ex. 4, at 9.)

The request also instructs SBA List to produce:

[A]ll documents, communication (including all letters, e-mails, voice mails, memoranda, notes, and/or other recordings of communication either internally or with any other person or party (other than Respondent's counsel)), testimony, memoranda, affidavits, information or other evidence in Respondent's possession that, in any way, relate to Steve Chabot, including, but not limited to, his congressional campaign, his voting record, his personal dealings, his party affiliation, and/or his past public statements.

(Ex. 4, at 11.)

Further, the SBA List is directed to disclose to Representative Driehaus "all letters, e-mails, voice mails, memoranda, notes, recordings, or other communication between [SBA List]" and the United States Conference of Catholic Bishops, the Family Research Council, any member of Congress or congressional staff members, any employee of the Obama Administration or Executive Branch, the Republican National Committee, The Ohio Republican Party, and the Republican House Campaign Committee.

23. In addition to complying with Rep. Driehaus' discovery and deposition requests, SBA List also faces possible investigatory demands from the Commission. If the Commission determines the evidence is insufficient to make a dispositive determination regarding the complaint, it may order its own investigation. Ohio Revised Code § 3517.155(B).

24. SBA List's speech is chilled because SBA List is unable to post its planned billboards as a result of Defendant Driehaus' complaint. Even if SBA List is able to secure other billboards, its original speech remains chilled.

**25.** SBA List's expressive and associational rights are likely to be chilled in the future because this investigation requires SBA List to turn over sensitive and confidential strategy materials regarding its past expressive communications and associations as part of its lobbying activities. That these materials are directly turned over to SBA List's political opponent with inadequate First Amendment justification can chill future expressive and associational communications with like-minded groups and legislators.

**26.** SBA List's speech is also burdened as a result of Defendant Driehaus' complaint. The SBA List must now protect its own interests by requesting documents and depositions of its own further burdening protected speech, as well as, responding to the onerous document production request prior to noon on Tuesday October 19, 2010.

**27.** Representative Driehaus' filing of the complaint pursuant to Ohio law has chilled and burdened SBA List's speech in the crucial last weeks leading up to the November 2, 2010, general election. Such chill and burden cause irreparable harm.

**28.** The SBA List intends to engage in substantially similar activity in the future.

**29.** The SBA List has no adequate remedy at law.

## Count I
### Ohio Revised Code § 3517.21(B)(9) is Facially Unconstitutional.

**30.** SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**31.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." Ohio Rev. Code § 3517.21(B)(9).

**32.** Section 3517.21(B)(9) is unconstitutional because it lacks an "actual malice" require-

ment. *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964).

33. Section 3517.21(B)(9) is unconstitutionally vague under *Buckley v. Valeo*, 464 U.S. 1

(1976). And Section 3517.21(B)(9) unconstitutionally relies on the intent of the speaker and

implications of speech to ascertain its scope. *Briggs v. Ohio Election Commission*, 61 F.3d 487
(6th Cir. 1995).

## Count II
### Ohio Revised Code § 3517.21(B)(9) is Unconstitutional As Applied to Lobbyists Taking Positions on Political Issues.

34. SBA List realleges and incorporates by reference all of the allegations contained in all

of the preceding paragraphs.

35. Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false

statement concerning the voting record of a candidate or public official." Ohio Rev. Code §

3517.21(B)(9).

36. Section 3517.21(B)(9) as applied to lobbyists taking positions on political issues

unconstitutionally penalizes protected opinion. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20

(1990).

## Count III
### Ohio Revised Code § 3517.21(B)(10) is Facially Unconstitutional.

37. SBA List realleges and incorporates by reference all of the allegations contained in all

of the preceding paragraphs.

38. Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing],

distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either

knowing the same to be false or with reckless disregard of whether it was false or not, if the

statement is designed to promote the election, nomination, or defeat of the candidate." Ohio Rev.

Code § 3517.021(B)(10).

**39.** Section 3517.21(B)(10) is unconstitutionally vague under *Buckley v. Valeo*, 464 U.S. 1 (1976). And Section 3517.21(B)(10) unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope. *Briggs v. Ohio Election Commission*, 61 F.3d 487 (6th Cir. 1995).

## Count IV
### Ohio Revised Code § 3517.21(B)(10) is Unconstitutional As Applied to Lobbyists Publishing Positions on Political Issues.

**40.** SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**41.** Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing], distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." Ohio Rev. Code § 3517.021(B)(10).

**42.** Section 3517.21(B)(10) as applied to lobbyists publishing positions on political issues unconstitutionally penalizes protected opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990).

## Count V
### The Investigatory Procedure Sections 3517.21(B)(9) and (10) Initiate Is Unconstitutional.

**43.** SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**44.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." Ohio Rev. Code §

3517.21(B)(9).

**45.** Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing], distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." Ohio Rev. Code § 3517.021(B)(10).

**46.** Investigations pursuant to Ohio Revised Code Sections 3517.21(B)(9) and (10) are unconstitutional governmental interference because they compel disclosure "of past expressions and associations," which chill future expression and association. *Sweezy v. New Hampshire*, 354 U.S. 234, 250 (1957).

**47.** The required disclosures of past expressions and associations to a political opponent during an investigation pursuant to Ohio Revised Code Sections 3517.21(B)(9) and (10) have no adequate First Amendment justification and are therefore unconstitutional. *AFL-CIO v. FEC*, 333 F.3d 168, 179 (D.C. Cir. 2003).

## Prayer for Relief

**Wherefore**, Plaintiff requests the following relief:

**48.** Declare Ohio Revised Code Section 3517.21(B)(9) facially unconstitutional;

**49.** Declare Ohio Revised Code Section 3517.21(B)(9) unconstitutional as applied to lobbyists taking positions on political issues;

**50.** Declare Ohio Revised Code Section 3517.21(B)(10) facially unconstitutional;

**51.** Declare Ohio Revised Code Section 3517.21(B)(10) unconstitutional as applied to lobbyists publishing positions on political issues;

**52.** Enjoin the Ohio Elections Commission from enforcing Ohio Revised Code Sections

lobbyists publishing positions on political issues;

**52.** Enjoin the Ohio Elections Commission from enforcing Ohio Revised Code Sections 3517.21(B)(9) and (10) against Susan B. Anthony List and others similarly situated;

**53.** Enjoin the Ohio Elections Commission from engaging in any investigatory procedure initiated by Ohio Revised Code Sections 3517.21(B)(9) and (10) against Susan B. Anthony List and others similarly situated;

**54.** Enjoin Representative Steve Driehaus, his agents and attorneys, from acting under the color of law by issuing subpoenas relating to Rep. Driehaus' claims against the Susan B. Anthony List under Ohio Revised Code Sections 3517.21(B)(9) and (10);

**55.** Grant Plaintiff Susan B. Anthony List its costs and attorneys fees under 42 U.S.C. Section 1988 and any other applicable authority, and

**56.** Grant any and all other such relief this Court deems may be just and equitable.

Dated: October 18, 2010

Respectfully submitted,

Joe La Rue, Ohio # 0080643
Bopp, Coleson & Bostrom
1 South Sixth Street
Terre Haute, IN 47807-3510
Ph.: 812/232-2434
Fax: 812/234-3685
*Counsel for Plaintiff*

# Verification

I, Emily Buchanan, declare as follows:

      1.     I am over 18 years of age.

      2.     I am the Executive Director of the Susan B. Anthony List.

      3.     If called upon to testify, I would competently testify as to the matters concerning the Susan B. Anthony List.

      4.     I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Verified Complaint concerning the Susan B. Anthony List and its past and intended activities are true and correct to the best of my knowledge and understanding.

Executed on October 17, 2010.

Emily Buchanan
Executive Director
Susan B. Anthony List
1707 L Street, NW, Suite 750
Washington, DC 20036