# United States District Court
# for the Southern District of Ohio
# Western Division

| | |
|---|---|
| **Susan B. Anthony List,**  *Plaintiff,*  v.  **Rep. Steve Driehaus**; **John Mroczkowski**, **Bryan Felmet**, **Charles Calvert**, **Jayme Smoot**, **Harvey Shapiro, Degee Wilhelm,** and **Larry Wolpert**, Ohio Elections Commission Members, in their official capacities; **Philip Richter**, Staff Attorney for the Ohio Elections Commission, in his official capacity; and **Jennifer Brunner**, Ohio Secretary of State, in her official capacity,  *Defendants*. | Cause No. 1:10-CV-720-TSB |

## Amended Verified Complaint for Declaratory and Injunctive Relief

Plaintiff Susan B. Anthony List complains and alleges as follows:

### Introduction

1.  This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments to the Constitution of the United States. It concerns the constitutionality of Ohio Revised Code ("R.C.") Sections 3517.21(B)(9) and (10) and 3517.20.

2.  Plaintiff complains that Sections 3517.21(B)(9) and (10) are facially unconstitutional because they are vague, overbroad, and fail strict scrutiny review and Section 3517.21(B)(9) lacks an actual malice requirement. Plaintiff also complains that Sections 3517.21(B)(9) and (10) are unconstitutional as applied to lobbyists taking positions on political issues. Further, Plaintiff complains the investigatory procedure Sections 3517.21(B)(9) and (10) initiates is unconstitu-

tional. Finally, Plaintiff complains that Section 3517.20 is preempted by federal law and is unconstitutional.

3. Those who violate any of the provisions may be subject to fines or criminal penalties or both. R.C. §§ 3517.992-.993.

## Jurisdiction and Venue

4. This case raises questions under the First and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and thus this Court has jurisdiction over all claims for relief pursuant to 28 U.S.C. §§ 1331 and 1343(a).

5. Venue in the Southern District of Ohio is proper pursuant to 28 U.S.C. § 1391(b) because the facts giving rise to this action occurred in Cincinnati, Hamilton County, Ohio.

## Parties

6. Plaintiff Susan B. Anthony List ("SBA List") is a non-stock, non-profit, corporation organized pursuant to Internal Revenue Code Section 501(c)(4), and it has its principal place of business in Washington, D.C. (Articles of Incorporation, Ex. 1.)

7. Defendant members of the Ohio Elections Commission ("Commission") are sued in their official capacity: John Mroczkowski (Chair), Bryan Felmet (Vice Chair), Charles Calvert, Jayme Smoot, Harvey Shapiro, Degee Wilhelm, and Larry Wolpert. Under Ohio law, the Commission has the authority to review, investigate, and conduct hearings upon the filing of a complaint. R.C. §§ 3517.153, 3517.154-157. Additionally, the Commission is empowered to levy fines for violations of Ohio Revised Code Sections 3517.21(B)(9) and (10) and 3517.20. R.C. §§ 3517.992-.993; Ohio Admin. Code 3517-1-14.

8. Defendant Philip Richter, sued in his official capacity, is the Executive Director of and

Staff Attorney for the Commission. As Staff Attorney, Defendant Richter has authority to review complaints and make recommendations to the Commission. R.C. § 3517.154; Ohio Admin. Code §§ 3517-1-02(A)(3); 3517-1-10(A).

9. Defendant Representative Steve Driehaus filed a complaint against the SBA List with the Commission, alleging that SBA List violated Ohio Revised Code Sections 3517.21(B)(9) and (10), as well as Ohio Revised Code Section 3517.20. Acting by and through his attorneys and under color of law, Rep. Driehaus issued subpoenas and initiated discovery. Ohio Admin. Code § 3517-1-09.

10. Defendant Jennifer Brunner, sued in her official capacity, is the Ohio Secretary of State. As Secretary of State, Defendant Brunner is under a duty to:

> [R]eport a failure to comply with or a violation of a provision in sections . . . 2517.20 to 3517.22 . . . of the Revised Code, whenever the secretary of state has or should have knowledge of a failure to comply with or a violation of a provision in one of those sections, by filing a complaint with the Ohio elections commission . . .

R.C. § 3501.05(N)(2).

## Facts

11. The SBA List is a 501(c)(4) organization designed to advance pro-life causes. Its five-part mission is "to elect pro-life women to Congress through its SBA List Candidate Fund," "to educate voters on critical pro-life issues and on upcoming legislation," "to train and equip pro-life activists nationwide to run successful political and grassroots campaigns," "to promote positive responses in both traditional and new media to dispel the myths and distortions of the abortion lobby," and "to advocate the passage of pro-life legislation in Congress, directly with legislators and through mobilizing direct citizen lobbying." The SBA List works with and associates with like-minded organizations to more effectively advance its mission.

12. The SBA List decided to educate the public and express disapproval concerning the political conduct of certain Congressmen who voted in favor of the Patient Protection and Affordable Care Act ("PPACA"). The PPACA, passed on March 23, 2010, allows for tax-payer funded abortion. The SBA List chose to disseminate this information during the months immediately leading up to the November 2, 2010, general election to take advantage of heightened political interest.

13. Because of Ohio Congressman Rep. Driehaus' vote in favor of the PPACA, the SBA List created advertising materials (the "Advertisement") which state: "Shame on Steve Driehaus! Driehaus voted FOR taxpayer-funded abortion." The Advertisement was scheduled to go up on billboards in the Cincinnati area.

14. On or before October 4, 2010, Paul De Marco, Defendant Driehaus' attorney, communicated with Lamar Advertising Company, the company with whom the SBA List had contracted to post the Advertisements. Lamar agreed it would not post the Advertisements, in exchange for Rep. Driehaus' pledge not to join Lamar in his complaint against the SBA List. (Letter from Paul De Marco to Lamar Advertising Company, Ex. 2.) This agreement chilled SBA List's speech because the planned billboards were not posted.

15. On October 4, 2010, Rep. Driehaus filed a complaint pursuant to Ohio Revised Code Section 3517.153(A) against the SBA List before the Commission claiming the Advertisement violated Ohio Revised Code Sections 3517.21(B)(9) and (10). (Driehaus Complaint, Ex. 3, at 2.) In addition, Rep. Driehaus alleged SBA List failed to comply with Ohio's law governing identification of political communications as required under Ohio Revised Code Section 3517.20. (Ex. 3, at 2.)

**16.** In the complaint, Rep. Driehaus stated "based on press releases issued by [SBA List], we infer the SBA List is referring to the health care reform legislation." (Ex. 3, at 2.)

**17.** On October 13, 2010, Rep. Driehaus filed a second complaint pursuant to Ohio Revised Code Section 3517.153(A) against the SBA List before the Commission alleging additional false statements in violation of Ohio Revised Code Sections 3517.21(B)(9) and (10). (Driehaus Second Complaint, Ex. 4.)

**18.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." R.C. § 3517.21(B)(9).

**19.** Ohio Revised Code Section 3517.21(B)(10) states that no person shall "Post, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." *Id.* § 3517.21(B)(10).

**20.** Those who violate any of these provisions may be subject to fines or criminal penalties or both. R.C. § 3517.992. The Commission may impose fines. *Id.* §§ 3517.992-.993.

**21.** "Candidate," as used in Ohio Revised Code Section 3517.21(B)(9) and (10), is defined by the Revised Code as follows:

> "Candidate" means any qualified person certified in accordance with the provisions of the Revised Code for placement on the official ballot of a primary, general, or special election to be held in this state, or any qualified person who claims to be a write-in candidate, or who knowingly assents to being represented as a write-in candidate by another at either a primary, general, or special election to be held in this state.

*Id.* § 3501.01(H).

**22.** Ohio Revised Code Section 3517.20 provides that:

> No . . . other entity . . . shall make an expenditure for the purpose of financing political communications in support of or opposition to a candidate through public political advertising, unless the name and residence or business address of the candidate or of the chairperson, treasurer, or secretary of the campaign committee, legislative campaign fund, political party, or other entity that issues or otherwise is responsible for that political publication or that makes an expenditure for that political communication appears in a conspicuous place on that political publication or is contained within that political communication.

*Id.* § 3517.20(A)(2).

23. "Candidate" as used in Ohio Revised Code Section 3517.20(A)(2) is defined as

> "Candidate" means any qualified person certified in accordance with the provisions of the Revised Code for placement on the official ballot of a primary, general, or special election to be held in this state, or any qualified person who claims to be a write-in candidate, or who knowingly assents to being represented as a write-in candidate by another at either a primary, general, or special election to be held in this state.

*Id.* § 3501.01(H).

24. Ohio Revised Code Section 3517.20(A)(1) provides narrowed definitions of "candidate." The provision provides limited definitions for "statewide candidate," "legislative candidate" and "local candidate." R.C. §§ 3517.20(A)(1)(d), (e), (f). However, Section 3517.20(A)(2) employs the general definition of candidate rather than a limited definition.

25. A candidate for federal office must satisfy the requirements of the Constitution of the United States. U.S. Const. art. I. However, a candidate's appearance on a ballot is governed by state law. Ohio law requires a federal candidate to comply with the following: file prior to appropriate deadline (R.C. §§ 3513.05; 3513.257); tender the required filing fee (R.C. §§ 3513.10(A)-(B)); file with the proper state official (R.C. §§ 3513.05, 3513.257, 3513.261), and satisfy any applicable signature requirement (R.C. §§ 3513.05, 3513.257). Therefore, "candidate" as used in Ohio Revised Code Section 3517.20(A)(2) includes a candidate for federal office.

**26.** The Secretary of State has the duty to bring complaints to the Commission if she has reason to know of or knows of a violation of Ohio Revised Code Sections 2517.20 to 3517.22. R.C. § 3501.05(N)(2). "[S]ince Secretary of State Brunner took office in January 2007, she has filed approximately 764 complaints with the Ohio Elections Commission." *State ex rel. LetOhioVote.Org v. Brunner*, 928 N.E.2d 1066, 1068-69 (Ohio, 2010).

**27.** In its answer to the complaint, the SBA List asserted, among other arguments, that these provisions are unconstitutional under the First and Fourteenth Amendment and that the Commission should construe these provisions narrowly to avoid such unconstitutionality.

**28.** Despite these constitutional assertions and against the recommendation of the Commission's Staff Attorney and Executive Director, Philip Richter, (Commission Probable Cause Hearing Transcript, Ex. 5, at 28), on October 14, 2010, the Ohio Election Commission panel found probable cause that the SBA List violated Ohio Revised Code Sections 3517.21(B)(9) and (10). The panel referred these matters for a hearing before the full Commission. (Ex.5, at 28-29.)

**29.** The same day, by a vote of two to one, the Ohio Election Commission panel found no probable cause that the SBA List violated Ohio Revised Code Section 3517.20(A)(2). However, one panel member applied Ohio Revised Code Section 3517.20(A)(2) to the planned billboard and voted that there was probable cause the SBA List had violated the disclaimer provision of Ohio law. (Ex. 5, at 22-27.)

**30.** Pursuant to Ohio law, the hearing before the full commission shall occur "not later than ten business days after referral by the panel unless there is good cause for the matter to be continued." Ohio Admin. Code § 3517-1-10. The hearing was to occur on October 28, 2010, as that date was ten days from the probable cause determination and the next scheduled Commis-

sion meeting.

31. In preparation for this hearing, Rep. Driehaus, acting under color of state law and pursuant to the Ohio Rules of Civil Procedure, initiated extensive discovery. Ohio Admin. Code § 3517-1-09. The discovery included a twelve page request for document production. (First Request for Production of Documents, Ex. 6.) Defendant Driehaus also issued notices of depositions to SBA List's President, Executive Director, and Project Director, (Ex. 6.), and issued numerous subpoenas to third parties with whom the SBA List had associated while the PPACA was under Congressional consideration. (Subpoenas Issued to Third Parties, Ex. 7.) All of the document production and depositions was to be conducted before the October 28, 2010, hearing.

32. Rep. Driehaus' request for document production "cover[ed] the time period from January 1, 2009, through October 19, 2010" and included a request for:

> [A]ll documents, communication (including all letters, e-mails, voice mails, memoranda, notes, and/or other recordings of communication either internally or with any other person or party (other than Respondent's counsel)), testimony, memoranda, affidavits, information or other evidence in Respondent's possession that, in any way, relate to Steve Driehaus, including, but not limited to, his congressional campaign, his voting record, his personal dealings, his party affiliation, his position on health care reform and/or the PPACA, and/or his past public statements.

(Ex. 6, at 9.)

The request also instructed SBA List to produce:

> [A]ll documents, communication (including all letters, e-mails, voice mails, memoranda, notes, and/or other recordings of communication either internally or with any other person or party (other than Respondent's counsel)), testimony, memoranda, affidavits, information or other evidence in Respondent's possession that, in any way, relate to Steve Chabot, including, but not limited to, his congressional campaign, his voting record, his personal dealings, his party affiliation, and/or his past public statements.

(Ex. 6, at 11.)

Further, the SBA List was directed to disclose to Representative Driehaus "all letters, e-mails,

voice mails, memoranda, notes, recordings, or other communication between [SBA List]" and the United States Conference of Catholic Bishops, the Family Research Council, any member of Congress or congressional staff members, any employee of the Obama Administration or Executive Branch, the Republican National Committee, The Ohio Republican Party, and the Republican House Campaign Committee. (Ex. 6, at 12-14.)

33. In addition to complying with Rep. Driehaus' discovery and deposition requests, SBA List also faced possible investigatory demands from the Commission. If the Commission had determined the evidence insufficient to make a dispositive determination regarding the complaint, it is empowered to order its own investigation. R.C. § 3517.155(B).

34. The hearing before the full Ohio Elections Commission, scheduled for October 28, 2010, never occurred. And on November 12, 2010, Rep. Driehaus filed a motion to withdraw his complaints. (Motion to Withdraw Complaints, Ex. 8.) On November 15, 2010, the Commission granted a continuance until the December 2, 2010 meeting, at that commission meeting Rep. Driehaus' motion to withdraw his complaints against the SBA List was granted. (E-mail Message from the Commission, Ex. 9.)

35. The investigatory procedure provided for by Sections 3517.21(B)(9) and (10) chills and burdens SBA List's speech. Had Rep. Driehaus not voluntarily dismissed his complaints, SBA List would have been required to turn over sensitive and confidential strategy materials regarding its past expressive communications and associations as part of its lobbying activities. It faces the same prospect in the future if another complaint is brought against it.

36. The SBA List's speech was also burdened as a result of Defendant Driehaus' complaints themselves. The SBA List had to protect its own interests by requesting documents and depositions of its own further burdening protected speech, as well as responding to the

onerous document production request on a short time-table.

38. Representative Driehaus' filing of the complaints pursuant to Ohio law chilled and burdened the SBA List's speech in the crucial last weeks leading up to the November 2, 2010, general election. Such chill and burden cause irreparable harm.

38. The SBA List's speech was chilled because the SBA List was unable to post its planned billboards as a result of Defendant Driehaus' complaints. Even if the SBA List was able to secure other billboards, its original speech remained chilled.

39. The SBA List faces the prospect of its speech and associational rights again being chilled and burdened by Ohio's unconstitutional law. Any complainant can hale the SBA List before the OEC, forcing it to expend time and resources defending itself. The complainant can also initiate discovery, forcing the SBA List to turn over sensitive and confidential strategy materials regarding its past expressive communications and associations as part of its efforts to educate and influence the public.

40. That these materials can be required to be turned over to the SBA List's political opponent(s) with inadequate First Amendment justification further chills and burdens future expressive and associational communications with like-minded groups and legislators.

41. Rep. Driehaus has publicly indicated he may run for Congress again in the future. (December 9, 2010 Article - Driehaus May Run Again, Ex. 10, at 3.)

42. The SBA List intends to engage in substantially similar activity in the future.

43. The SBA List has no adequate remedy at law.

### Count I
### Ohio Revised Code § 3517.21(B)(9) Is Facially Unconstitutional.

44. The SBA List realleges and incorporates by reference all of the allegations contained in

all of the preceding paragraphs.

**45.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." R.C. § 3517.21(B)(9).

**46.** Section 3517.21(B)(9) is unconstitutional because it lacks an "actual malice" requirement. *New York Times v. Sullivan*, 376 U.S. 254, 280 (1964).

**47.** Section 3517.21(B)(9) is unconstitutionally vague under *Buckley v. Valeo*, 464 U.S. 1 (1976). And Section 3517.21(B)(9) unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope and fails strict scrutiny review. *Briggs v. Ohio Election Commission*, 61 F.3d 487 (6th Cir. 1995).

**48.** Section 3517021(B)(9) is unconstitutionally overbroad, impermissibly regulating more than express advocacy. *Buckley v. Valeo*, 424 U.S. 1 (1976); *Anderson v. Spear*, 356 F.3d 651 (6th Cir. 2003).

### Count II
### Ohio Revised Code § 3517.21(B)(9) Is Unconstitutional as Applied to Lobbyists Taking Positions on Political Issues.

**49.** The SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**50.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." R.C. § 3517.21(B)(9).

**51.** Section 3517.21(B)(9) is unconstitutional as applied to lobbyists taking positions on political issues, because it unconstitutionally penalizes protected opinions. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20 (1990).

## Count III
### Ohio Revised Code § 3517.21(B)(10) Is Facially Unconstitutional.

52. The SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

53. Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing], distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate." R.C. § 3517.021(B)(10).

54. Section 3517.21(B)(10) is unconstitutionally vague under *Buckley v. Valeo*, 464 U.S. 1 (1976). And Section 3517.21(B)(10) unconstitutionally relies on the intent of the speaker and implications of speech to ascertain its scope and fails strict scrutiny review. *Briggs v. Ohio Election Commission*, 61 F.3d 487 (6th Cir. 1995).

55. Section 3517021(B)(9) is unconstitutionally overbroad, impermissibly regulating more than express advocacy. *Buckley v. Valeo*, 424 U.S. 1 (1976); *Anderson v. Spear*, 356 F.3d 651 (6th Cir. 2003).

## Count IV
### Ohio Revised Code § 3517.21(B)(10) Is Unconstitutional as Applied to Lobbyists Publishing Positions on Political Issues.

56. The SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

57. Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing], distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the

statement is designed to promote the election, nomination, or defeat of the candidate." R.C. § 3517.021(B)(10).

**58.** Section 3517.21(B)(10) is unconstitutional as applied to lobbyists publishing positions on political issues, because it unconstitutionally penalizes protected opinions. *Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20 (1990).

## Count V
### The Investigatory Procedure Sections 3517.21(B)(9) and (10) Initiate Is Unconstitutional.

**59.** The SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**60.** Ohio Revised Code Section 3517.21(B)(9) states that no person shall "[m]ake a false statement concerning the voting record of a candidate or public official." R.C. § 3517.21(B)(9).

**61.** Section 3517.21(B)(10) prohibits the "[p]ost[ing], publish[ing], circulat[ing], distribut[ing], or otherwise disseminat[ing] a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate."R.C. § 3517.021(B)(10).

**62.** Investigations pursuant to Ohio Revised Code Sections 3517.21(B)(9) and (10) are unconstitutional governmental interference because they compel disclosure "of past expressions and associations," which chill future expression and association. *Sweezy v. New Hampshire*, 354 U.S. 234, 250 (1957).

**63.** The required disclosures of past expressions and associations to a political opponent during an investigation pursuant to Ohio Revised Code Sections 3517.21(B)(9) and (10) have no adequate First Amendment justification and are therefore unconstitutional. *AFL-CIO v. FEC*,

333 F.3d 168, 179 (D.C. Cir. 2003).

## Count VI
### The Disclaimer Provision Required Under Section 3517.20(A)(2) Is Unconstitutional as Applied to Speech Pertaining to Federal Election Campaigns.

**64.** The SBA List realleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

**65.** Ohio Revised Code Section 3517.20(A)(2) states:

> No . . . other entity . . . shall make an expenditure for the purpose of financing political communications in support of or opposition to a candidate through public political advertising, unless the name and residence or business address of the candidate or of the chairperson, treasurer, or secretary of the campaign committee, legislative campaign fund, political party, or other entity that issues or otherwise is responsible for that political publication or that makes an expenditure for that political communication appears in a conspicuous place on that political publication or is contained within that political communication.

R.C. § 3517.20(A)(2).

**66.** The definition of "candidate" as used in Ohio Revised Code Section 3517.20(A)(2) includes candidates for federal office. "Candidate" is defined as "any qualified person certified in accordance with the provisions of the Revised Code for placement on the official ballot of a primary, general, or special election to be held in this state . . ." Ohio Revised Code § 3501.01(H). Because a candidate for federal office must be certified for placement on the ballot pursuant to Ohio Revised Code, (R.C. §§ 3513.05, 3513.257, 3513.10, 3513.261), this definition reaches candidates for federal office.

**67.** The Federal Elections Campaign Act provides that "the provisions of this Act . . . supersede and preempt any provision of State law with respect to election to Federal office." 2 U.S.C. § 453(a).

**68.** The Federal Elections Campaign Act preempts application of Ohio Revised Code

Section 3517.20(A)(2) to speech pertaining to a federal campaign. 2 U.S.C. § 453(a).

**69.** Application of Ohio Revised Code Section 3517.20(A)(2) to the SBA List's speech in a federal election is unconstitutional as a violation of the Supremacy Clause of the Constitution of the United States.

## Prayer for Relief

Wherefore, Plaintiff requests the following relief:

**70.** Declare Ohio Revised Code Section 3517.21(B)(9) facially unconstitutional;

**71.** Declare Ohio Revised Code Section 3517.21(B)(9) unconstitutional as applied to lobbyists taking positions on political issues;

**72.** Declare Ohio Revised Code Section 3517.21(B)(10) facially unconstitutional;

**73.** Declare Ohio Revised Code Section 3517.21(B)(10) unconstitutional as applied to lobbyists publishing positions on political issues;

**74.** Declare Ohio Revised Code Section 3517.20(A)(2) unconstitutional as applied to organizations' speech pertaining to federal elections;

**75.** Enjoin the Ohio Elections Commission and Secretary of State from enforcing Ohio Revised Code Sections 3517.21(B)(9) and (10) against Susan B. Anthony List and others similarly situated;

**76.** Enjoin the Ohio Elections Commission and Secretary of State from enforcing Ohio Revised Code Sections 3517.20(A)(2) against Susan B. Anthony List and others similarly situated;

**77.** Enjoin the Ohio Elections Commission from engaging in any investigatory procedure initiated by Ohio Revised Code Sections 3517.21(B)(9) and (10) against Susan B. Anthony List and others similarly situated;

**78.** Enjoin Representative Steve Driehaus, his agents and attorneys, from acting under the color of law by issuing subpoenas relating to Rep. Driehaus' claims against the Susan B. Anthony List under Ohio Revised Code Sections 3517.21(B)(9) and (10);

**79.** Grant Plaintiff Susan B. Anthony List its costs and attorneys fees under 42 U.S.C. Section 1988 and any other applicable authority, and

**80.** Grant any and all other such relief this Court deems just and equitable.

Dated: December 21, 2010

Respectfully submitted,

/s Joe La Rue
Joe La Rue, *Trial Attorney*, Ohio # 0080643
    jlarue@bopplaw.com
James Bopp, Jr., Ind. # 2838-84*
    jboppjr@aol.com
Anita Y. Woudenberg, Ind. # 25162-64*
    awoudenberg@bopplaw.com
Elizabeth M. Kosel, Fla. # 85098*
    ekosel@bopplaw.com
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
Ph.: 812/232-2434
Fax: 812/234-3685
*Counsel for Plaintiff*

*\*Pro Hac Vice Admission Granted by this Court on December 10, 2010.*

# Verification

I, Emily Buchanan, declare as follows:

1. I am over 18 years of age.

2. I am the Executive Director of the Susan B. Anthony List.

3. If called upon to testify, I would competently testify as to the matters concerning the Susan B. Anthony List.

4. I verify under penalty of perjury under the laws of the United States of America that the factual statements in this Verified Complaint concerning the Susan B. Anthony List and its past and intended activities are true and correct to the best of my knowledge and understanding.

Executed on December 16, 2010.

Emily Buchanan
Executive Director
Susan B. Anthony List
1707 L Street, NW, Suite 750
Washington, DC 20036

# Certificate of Service

I hereby certify that the foregoing *Amended Verified Complaint for Declaratory and Injunctive Relief* of Plaintiff was served electronically on December 21, 2010, upon the following counsel via the Southern District of Ohio's electronic filing system:

Paul De Marco, Esq. - demarcoworld@yahoo.com

Christopher Stock, Esq.- chrisstock@wsbclaw.com

Erick D. Gale - erick.gale@ohioattorneygeneral.gov

Damian W Sikora - dsikora@ag.state.oh.us

Pearl Chin - pearl.chin@ohioattorneygeneral.gov

Michael Joseph Schuler - michael.schuler@ohioattorneygeneral.gov

Carrie L. Davis - cdavis@acluohio.org

Christopher R. Finney - cfinney@fssk-law.com

Curt Carl Hartman hartmanlawfirm@fuse.net


Dated: December 21, 2010

    Respectfully submitted,

    /s/ Joe La Rue
    Joe La Rue (Ohio Bar # 80643)
    BOPP, COLESON & BOSTROM
    1 South Sixth Street
    Terre Haute, IN 47807-3510
    Ph.: 812/232-2434
    Fax: 812/234-3685
    jlarue@bopplaw.com
    *Counsel for Plaintiff*