**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| **COALITION OPPOSED TO ADDITIONAL SPENDING & TAXES,** *Plaintiff* | **Consolidated Cases** |
| v. | **Case No. 10-CV-754** |
| **OHIO ELECTIONS COMMISSION, et al.** *Respondent* | **Judge Timothy S. Black** |
| **SUSAN B. ANTHONY LIST** *Plaintiff,* | **Case No. 1:10-cv-00720** |
| v. | **Judge Timothy S. Black** |
| **STEVEN DRIEHAUS, et al** *Respondent* | |

---

## DEFENDANTS OHIO ELECTION COMMISSION MEMBERS' AND ITS STAFF ATTORNEY'S MOTION TO DISMISS THE AMENDED COMPLAINT OF SUSAN B. ANTHONY LIST

---

Defendants Ohio Elections Commission members – Charles Calvert, John R. Mroczkowksi, Degee Wilhelm, Jayme P. Smoot, Bryan Felmet, Harvey Shapiro, and Larry L Wolpert – and its Staff Attorney, Philip Richter, (collectively, the "Commission") hereby move to dismiss the Amended Complaint of Plaintiff Susan B. Anthony List ("SBA List") pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure on the following grounds: (1) SBA List's claims are not justiciable; (2) the constitutionality of Ohio's false statement statute has been previously affirmed by the U.S. Court of Appeals for the Sixth Circuit; and (3) SBA List has not presented a legally cognizable claim relating to the alleged "investigatory

procedures" in Ohio Rev. Code § 3517.21(B)(9) & (10). The reasons for this motion are more fully set forth in the attached Memorandum.

Respectfully submitted,

MICHAEL DEWINE (0009181)
OHIO ATTORNEY GENERAL


s/ *Erick D. Gale*
_____
ERICK D. GALE (0075723)
MICHAEL J. SCHULER (0082390)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus OH  43215
T: (614) 466-2872; F: (614) 728-7592
erick.gale@ohioattorneygeneral.gov
michael.schuler@ohioattorneygeneral.gov

*Counsel for Ohio Elections Commission Members and its Staff Attorney*

# TABLE OF CONTENTS[1]

Memorandum in Support of the Ohio Elections Commission Members' and Staff
Attorney's Motion to Dismiss the Amended Complaint of Susan B. Anthony List........................1

I.      Introduction.................................................................................................1

II.     Statement of the Facts and the Case ...............................................................1

        A.      The Challenged Statutes .......................................................................1

        B.      The Relevant Facts..............................................................................2

        C.      The SBA List's Amended Complaint....................................................5

III.    Law and Argument ......................................................................................6

        A.      Standard of Review.............................................................................6

        B.      SBA List's Claims Are Not Justiciable. ..................................................7

                1.      SBA List's Amended Complaint is not ripe for review.............................7

SBA List's claims are not ripe for adjudication under the three factor test created by *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002), and *Adult Video Ass'n v. United States*, 71 F.3d 563, 568 (6th Cir. 1995). First, it is not likely that SBA List's alleged harm will come to pass because whether Ohio's false statement statute would ever be enforced against SBA List is contingent on a great number of uncertain events. In addition, SBA List has not alleged an intention to refuse to comply with Ohio's false statement statute. Second, the current factual record is not sufficiently developed to permit review because none of the factual allegations have occurred yet. Third, SBA List will not suffer undue hardship if the Court if judicial review is denied because its speech has not been "chilled."

                a.      *SBA List is not under an imminent threat of*
                        *enforcement of any Ohio law.* ...........................................8

                b.      *The factual record is not sufficiently developed for*
                        *adjudication.* ...............................................................11

                c.      *SBA List will not suffer undue hardship.* .......................................12

---

[1] Pursuant to Local Rule 7.2(a)(3), Defendant Ohio Elections Commission Members and Staff Attorney include this combined table of contents and summary of the argument, indicating the main sections of the Memorandum In Support of the Motion to Dismiss as well as the page numbers on which each section may be found.

      2.        SBA List lacks standing...........................................................................13

SBA List cannot show Article III standing under the test developed in *Morrison v. Bd. of Educ.*, 521 F.3d 602, 608 (6th Cir. 2008). First, SBA List cannot meet the injury-in-fact requirement because its allegation of subjective "chill" is not sufficient to establish that enforcement of Ohio's false statement statute is imminent. Second, SBA List's self-described injuries are not traceable to any action by the Commission in enforcing Ohio's false statement statute.

      **3.**      The controversy between the SBA List and the
             Commission has become moot. ............................................................15

      4.        SBA List's challenge to the constitutionality of Ohio's
             disclaimer statute, R.C. 3517.20(A)(2), should be
             dismissed..................................................................................................15

There is no "case" or "controversy" over SBA List's claim that Ohio's disclaimer statute, R.C. 3517.20(A)(2), is preempted by federal law. The Ohio statute was not enforced against SBA List because the Commission does not enforce this statute against political publications that related to federal elections. The federal disclaimer law preempts state law in this area; therefore, there is no adversity of parties relating to this claim.

      5.        SBA List's Claims against the Commission's Staff
             Attorney should be dismissed. .................................................................16

The Commission Staff Attorney should be dismissed from this action because there is no justiciable claim against him that would establish a case or controversy. Mr. Richter does not vote on whether specified action violates Ohio law and, therefore, does not "enforce" Ohio law.

   C.      SBA List's Amended Complaint Fails To State A Claim For
         Relief........................................................................................................16

      1.        The Sixth Circuit has already upheld the facial
             constitutionality of Ohio's false statement statute. ...................................16

SBA List's facial challenges to Ohio's false statement statute fails to state a claim for relief because the Sixth Circuit has already affirmed the facial constitutionality of the statute. *Pestrak v. Ohio Elections Commission*, 926 F.2d 573 (6th Cir. 1991); *Briggs v. Ohio Elections Commission*, 61 F.3d 487, 494 (6th Cir. 1995). None of SBA List's "new" challenges against Ohio's false statement statute demonstrate that the statute is unconstitutional in all applications, which is required for a facial challenge. *Washington State Grange v. Washington State Republican Party*, 128 S. Ct. 1184, 1190 (2008).

        *a.*      *R.C. 3517.21(B)(9) incorporates an actual malice
             standard. ...................................................................................18*

SBA List's claim that R.C. 3517.21(B)(9) lacks an actual malice standard is an incorrect interpretation of Ohio law. The Sixth Circuit has already held that Ohio's false statement statute falls within the Supreme Court's holding in *Garrison v. Louisiana*, 379 U.S. 64 (1964), and *New*

*York Times v. Sullivan*, 376 U.S. 254 (1964). *Pestrak*, 926 F.2d at 577. Moreover, Ohio law requires that the Commission may only find a violation of the false statement law if the person acts "knowingly and with intent to affect the outcome of an election," which is proven by "clear and convincing evidence." R.C. 3517.21(B); R.C. 3517.155; *Ohio Democratic Party v. Ohio Elections Commission*, No. 07AP-876, 2008 Ohio App. LEXIS 3553, at *13 (Ohio Ct. App. Aug. 21, 2008).

       b.     *R.C. 3517.21(B)(9) & (10) are not unconstitutionally vague.* ..............................................................19

Ohio's false statement statute is not unconstitutionally vague. SBA List's reliance on *Buckley v. Valeo*, 424 U.S. 1 (1976), is misplaced. Ohio's statute includes a scienter requirement, which alleviates vagueness concerns. *Gonzales v. Carhart*, 550 U.S. 124, 149 (2007). Also, the terms and phrases used in the statute have a statutory and common understanding; the statute gives fair notice to whom it is directed; and the statute clearly marks the boundary between permissible and impermissible conduct. And, SBA List's claim that the statute relies on the "implications of the speech" is an incorrect interpretation of Ohio law. *See McKimm v. Ohio Elections Commission*, 729 N.E.2d 364, 371 (Ohio 2000).

       c.     *R.C. 3517.21(B)(9) & (10) are not facially overbroad.* .....................................................................21

Ohio's false statement statute is not facially overbroad because the statute only prohibits false speech, which does not enjoy constitutional protection. *Garrison*, 379 U.S. at 75; *Pestrak*, 926 F2d at 577. In addition, SBA List cannot demonstrate that the law reaches "issue advocacy" without any evidence that the statute has been actually enforced against "issue advocacy." The plain language of the statute demonstrates that it applies only to statements designed to affect the outcome of an election.

    **2.**    R.C. 3517.21(B)(9) & (10) are not unconstitutional as applied to lobbyists. ..................................................................22

Ohio's false statement statute is not unconstitutional with regard to lobbyist because the statute does not reach protected opinion.

    3.    Count V fails to state a legally cognizable claim for relief ........................23

Count VI fails to state a claim of relief for two reasons. First, SBA List has not properly pled the claim. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-1951 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Second, if the claim is intended as an attack on the Commission's discovery and evidentiary rules, which incorporate the civil rules, SBA List cannot demonstrate a First Amendment violation.

IV.    Conclusion .....................................................................................................25

Certificate Of Service ..................................................................................unnumbered

# TABLE OF AUTHORITIES

## CASES

*Abbott Labs. v. Gardner*,
    387 U.S. 136 (1967) ............................................................................. 7, 10

*Adult Video Ass'n v. United States*,
    71 F.3d 563 (6th Cir. 1995) ................................................................. 7, 8

*Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters, Local Union No. 1224*
    *v. Airborne, Inc.*,
    332 F.3d 983 (6th Cir. Ohio 2003) ...................................................... 13

*Am. Library Ass'n v. Barr*,
    956 F.2d 1178 (D.C. Cir. 1992) ........................................................... 13

*Ashcroft v. Iqbal*,
    556 U.S. ___, 129 S. Ct. 1937 (2009) ............................................... 3, 23

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ........................................................................... 3, 23

*Briggs v. Ohio Elections Comm.*,
    61 F.3d 487 (6th Cir. 1995) ........................................... 8, 12, 17, 20

*Buckley v. Valeo*,
    424 U.S. 1 (1976) .............................................................................. 19, 20

*Colautti v. Franklin*,
    439 U.S. 379 (1979) ............................................................................... 19

*Gonzales v. Carhart*,
    550 U.S. 124 (2007) .............................................................................. 19

*Hill v. Colorado*,
    530 U.S. 703 (2000) .............................................................................. 19

*Lewis v. ACB Bus. Servs.*,
    135 F.3d 389 (6th Cir. 1998) .............................................................. 23

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555, 112 S. Ct. 2130 (1992) ............................................... 13

*Mayer v. Mylod*,
    988 F.2d 635 (6th Cir. 1993) ................................................................ 6

*McKimm v. Ohio Elections Commission*,
    729 N.E.2d 364 (Ohio 2000) ......................................................... 20, 23

*Miles Christi Religious Order v. Township of Francisco Contegrand*,
   No. 90-1618, 2010 U.S. App. LEXIS 25908 (6th Cir. Dec. 21, 2010) .................................. 12

*Milkovich v. Lorain Journal Co.*,
   497 U.S. 1 (1990) .................................................................................................................... 22

*Morrison v. Bd. of Educ.*,
   521 F.3d 602 (6th Cir. 2008) ................................................................................................. 13

*N.Y. State Club Ass'n v. City of New York*,
   487 U.S. 1 (1988) .................................................................................................................... 21

*New York Times v. Sullivan*,
   376 U.S. 254 (1964) ................................................................................................................ 18

*Norton v. Ashcroft*,
   298 F.3d 547 (6th Cir. 2002) ..................................................................................... 7, 8, 10, 11

*O'Shea v. Littleton*,
   414 U.S. 488 (1974) ................................................................................................................ 11

*Ohio Democratic Party v. Ohio Elections Commission*,
   No. 07AP-876, 2008 Ohio App. LEXIS 3553 (Ohio Ct. App. Aug. 21,
   2008) ................................................................................................................................. 18, 20

*Pestrak v. Ohio Elections Commission*,
   926 F.2d 573 (6th Cir. 1991) ....................................................................... 8, 16, 18, 20, 21

*Richland Bookmart, Inc. v. Knox County, Tenn.*,
   555 F.3d 512 (6th Cir. 2009) ................................................................................................. 21

*Sexton v. Barry*,
   233 F.2d 220 (6th Cir. 1956), *cert. denied*, 352 U.S. 870 (1956) ........................................ 7

*Susan B. Anthony List v. Driehaus*,
   No. 10-4320 .......................................................................................................................... 5, 12

*Texas v. United States*,
   523 U.S. 296 (1998) .................................................................................................................. 7

*Washington State Grange v. Washington State Republican Party*,
   128 S. Ct. 1184 (2008) ............................................................................................................ 17

## **STATUTES**

2 U.S.C. § 431, Federal Election Campaign .............................................................................. 15

2 U.S.C. § 441d ........................................................................................................................... 15

2 U.S.C. § 453 ................................................................................................................ 15

O.R.C. § 3517(A) .......................................................................................................... 18

O.R.C. § 3517.01 .............................................................................................................. 8

O.R.C. § 3517.153 .......................................................................................................... 16

O.R.C. § 3517.154(A)(1) ................................................................................................ 16

O.R.C. § 3517.155 .......................................................................................................... 18

O.R.C. § 3517.155(D) .................................................................................................... 18

O.R.C. § 3517.20 ............................................................................................................ 15

O.R.C. § 3517.20(A)(2) ............................................................................................... 2, 9

O.R.C. § 3517.21(B) ..................................................................................................... 1, 9

O.R.C. § 3517.21(B)(1) .................................................................................................. 20

O.R.C. § 3517.21(B)(10) ........................................................................................ passim

O.R.C. § R.C. 3517.21(B)(9) .................................................................................. passim

## RULES

Federal Rule of Civil Procedure 12(b)(1) ........................................................................ 6

Federal Rule of Civil Procedure 12(b)(6) ........................................................................ 6

Ohio Civil Rule 26(A) .................................................................................................... 24

Ohio Civil Rule 26(B)(1) ............................................................................................... 24

Ohio Civil Rule 26(B)(3) ............................................................................................... 24

Ohio Civil Rule 26(B)(4) ............................................................................................... 24

Ohio Civil Rule 26(C)-(E) ............................................................................................. 24

Ohio Civil Rule 27(A) .................................................................................................... 24

Ohio Civil Rule 27(C)-(G) ............................................................................................. 24

Ohio Civil Rule 28 .......................................................................................................... 24

Ohio Civil Rule 29 .......................................................................................................... 24

Ohio Civil Rule 30 .................................................................................................................. 24

Ohio Civil Rule 31 .................................................................................................................. 24

Ohio Civil Rule 32 .................................................................................................................. 24

Ohio Civil Rule 33 .................................................................................................................. 24

Ohio Civil Rule 34 .................................................................................................................. 24

Ohio Civil Rule 36 .................................................................................................................. 24

Ohio Civil Rule 37 .................................................................................................................. 24

Ohio Civil Rules 26(C) .......................................................................................................... 24

## **CONSTITUTIONAL PROVISIONS**

U.S. Const. Art. II, § 2 ............................................................................................................. 7

## **8**

O.A.C. § 3517-1-11 ............................................................................................................... 11

OAC § 3517-1-0 ..................................................................................................................... 24

OAC § 3517-1-09 ................................................................................................................... 24

OAC § 3517-1-09(C) ............................................................................................................. 24

OAC § 3517-1-11(B)(3) ........................................................................................................ 25

**MEMORANDUM IN SUPPORT OF THE OHIO ELECTIONS COMMISSION MEMBERS' AND STAFF ATTORNEY'S MOTION TO DISMISS THE AMENDED COMPLAINT OF SUSAN B. ANTHONY LIST**

## I.     INTRODUCTION

Plaintiff Susan B. Anthony List ("SBA List") seeks an injunction and declaration aimed at controlling or preventing the occurrence of events that might take place in the future. The claims at stake here involve SBA List's assertion of a "chill" on its own speech based on its perception that a potential candidate in the future may file a complaint against it in the Ohio Elections Commission. However, whether the Ohio Elections Commission would ultimately find that SBA List's future speech actually violates Ohio law is entirely speculative and a question without any current context. Accordingly, Defendants, the Ohio Elections Commission members and its staff attorney (collectively, the "Commission"), move to dismiss this action for lack of an Article III case or controversy.

In the alternative, even if this Court determines a concrete controversy exists, the Court should dismiss the Amended Complaint for failure to state a claim for relief. SBA List makes a facial challenge to the constitutionality of Ohio's false statement statute, R.C. § 3517.21(B), which has been twice upheld by the Sixth Circuit. In addition, SBA List has failed to set forth a legally cognizable claim that the "investigatory procedures" in Ohio's false statement statute violate the First Amendment. For these reasons, explained more fully herein, SBA List's Amended Complaint should be dismissed.

## II.    STATEMENT OF THE FACTS AND THE CASE

### A.     The Challenged Statutes

SBA List's Amended Complaint challenges the constitutionality of Ohio's false statement law and Ohio's disclaimer law. Am. Complt. at ¶¶ 44-69. The two challenged subsections in Ohio's false statement law provide:

(B) No person, during the course of any campaign for nomination or election to public office or office of a political party, by means of campaign materials, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall knowingly and with intent to affect the outcome of such campaign do any of the following:

\*\*\*

(9) Make a false statement concerning the voting record of a candidate or public official;

(10) Post, publish, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, if the statement is designed to promote the election, nomination, or defeat of the candidate.

R.C. 3517.21(B)(9) & (10).

The challenged subsection in Ohio's disclaimer statute provides:

(2) No candidate, campaign committee, legislative campaign fund, political party, or other entity, except a political action committee or political contributing entity, shall issue a form of political publication for or against a candidate, or shall make an expenditure for the purpose of financing political communications in support of or opposition to a candidate through public political advertising, unless the name and residence or business address of the candidate or the chairperson, treasurer, or secretary of the campaign committee, legislative campaign fund, political party, or other entity that issues or otherwise is responsible for that political publication or that makes an expenditure for that political communication appears in a conspicuous place on that political publication or is contained within that political communication.

Ohio Rev. Code § 3517.20(A)(2).

## B. The Relevant Facts.

Before the 2010 general election, SBA List created advertising material stating "Shame on Steve Driehaus!  Driehaus voted FOR taxpayer-funded abortion" (hereinafter referred to as the "Ad").  Am. Complt. at ¶ 13.  SBA List intended for the Ad to be posted on billboards

managed by Lamar Advertising Company ("Lamar"). *Id.* at ¶ 14. SBA List alleges that Rep. Driehaus' counsel met with Lamar, and Lamar subsequently agreed not to post the Ad on its billboards. *Id.* at ¶ 14. SBA List nonetheless disseminated the Ad, and similar statements, through other means. *See id.* at Ex. 3 and 4.

On October 4, 2010, Defendant Rep. Driehaus filed a complaint against SBA List with the Commission alleging that SBA List's publishing of the Ad violated two of Ohio's false statement laws, R.C. 3517.21(B)(9) & (10), and Ohio's disclaimer statute, R.C. 3517.20. *Id.* at ¶¶ 15. Driehaus filed a second complaint on October 13, 2010. *Id.* at ¶ 17.

On October 14, 2010, the Commission held a probable cause panel to determine whether Rep. Driehaus' complaints should be referred to the full Commission. *Id.* at ¶ 28. At the hearing, SBA List argued that its statement in the Ad did not violate Ohio's false statement statute because the statements were true. *Id.* at Ex. 5, Tr. at 16:20-23 ("This bill allows for taxpayer funding of abortion for life, rape and incest. That's taxpayer funding of abortion."); *Id* at Tr. 19:18-23 ("It is the law that the advertisement refers to, it is the law that allows for federally funded abortions, and so that statement is categorically true, which we said about the congressman, and therefore this should be dismissed."). The three member panel (split here two members to one) nonetheless determined that Rep. Driehaus' false statement claims should be heard by the full Commission, and the panel set an administrative hearing before the full Commission for October 28, 2010. *Id.* at ¶ 28; Ex. 5, at Tr. 29: 4-19.

At the October 14 probable cause panel meeting, the Commission dismissed Rep. Driehaus' claim that SBA List violated Ohio's disclaimer statute. *Id.* at ¶ 29. SBA List argued to the Commission that this claim should be dismissed because the federal disclaimer law preempts Ohio's disclaimer law. *Id.* at Ex. 5, Tr. at 15:3-12. The Commission agreed with SBA

List. Specifically, the Commission accepted the recommendation of its Staff Attorney, who explained that because SBA List's advertisement allegedly related to a federal election, federal disclaimer law preempts application of the state disclaimer law:

> Were this organization to have established itself as a political action committee in Ohio by filing either – presumably considering where they're working, either in the Hamilton County Board of Elections or with the State of Secretary [sic], then I believe they would be subjected to Ohio's disclaimer law.
>
> However, as they are acting in a federal election, and this Commission , as we all know, is preempted dealing in general with campaign finance laws for federal campaigns, as there are federal statutes; in addition, as it relates to the disclaimer law, there are federal statutes that preempt the Commission's applicability in these kinds of situations.
>
> So I would tend to agree that in this particular instance, the obligation on the Susan B. Anthony List would be to comply with federal law under these circumstances.

*Id.* at Ex. 5, Tr. 23:11-14:6.

In dismissing Rep. Driehaus' disclaimer claim, one of the Commission members echoed the Staff Attorney's recommendation by explaining that the Commission routinely dismisses similar allegations relating to federal elections:

> I think we've addressed this issue in the past, that the disclaimer is related to who paid for the ad and is part of the finance rules, and those are controlled by the federal government, not the state. We've had this issue several times since I've been here, and I think we've ruled that the disclaimer has to meet the federal, and if there's a problem with it, they take it to the Federal Elections Commission.

*Id.* at Ex. 5, Tr. 26:14-23 (Commission member Calvert). Accordingly, the Commission dismissed Rep. Driehaus' disclaimer claim for "lack of jurisdiction." *Id.* at Ex. 5, Tr. 27:6-7. After the probable cause meeting, the parties commenced with discovery. *Id.* at ¶¶ 31-36.

On October 18, 2010, SBA List filed this federal lawsuit, requesting a temporary restraining order to enjoin the Commission proceeding. On October 25, 2010, this Court issued an Order denying the motion for temporary restraining order and staying the federal action under *Younger v. Harris*, 401 U.S. 37 (1971). SBA List immediately appealed to the Sixth Circuit and requested an injunction pending appeal, claiming that its speech was "chilled" because of the Commission proceeding. The Sixth Circuit denied the request for an injunction and specifically disagreed with SBA List's allegation that its speech was "chilled," holding that "SBA List clearly has not been enjoined from any speech, and all indications are that its speech continues to be robust." *Susan B. Anthony List v. Driehaus*, No. 10-4320, at 4.[2]

Before the November election, Rep. Driehaus and SBA List agreed to postpone the Commission hearing scheduled for October 28, 2010. Rep. Driehaus subsequently lost his bid for re-election on November 4, 2010. On November 12, 2010, Driehaus filed a motion to withdraw his complaints with the Commission before the Commission ever decided whether the Ad violated Ohio law. Am. Complt. at ¶ 34. **Indeed, the SBA List consented to that withdrawal.** *See* Doc. #20. The motion was granted by the Commission on December 2, 2010, thereby terminating the Commission proceeding. *Id.* On December 6, 2010, this Court lifted the stay on this action that it imposed in its October 25, 2010 Order. Order, Doc. #20. SBA List subsequently withdrew its appeal of the October 25, 2010 Order.

### C. The SBA List's Amended Complaint.

On December 21, 2010, SBA List filed an Amended Complaint alleging that two of Ohio's false statement laws are unconstitutional on their face and as applied to "lobbyists taking

---

[2] The Commission submitted evidence to the Sixth Circuit demonstrating that SBA List had been actively communicating its message about Rep. Driehaus' voting record. *See* Commission's Memorandum Contra Susan B. Anthony List's Motion for Injunction Pending Appeal, *Susan B. Anthony List v. Driehaus*, No. 10-4320.

positions on political issues." *Id.* at ¶¶ 44-58. Further, SBA List alleges that Ohio's disclaimer statute is unconstitutional as applied to speech pertaining to federal elections – notwithstanding the fact that the Commission dismissed the disclaimer claim filed against SBA List for lack of jurisdiction. *Id.* at ¶¶ 64-49. Finally, SBA List alleges that the "investigatory procedures" in R.C. 3517.21(B)(9) & (10) are unconstitutional – although neither of these subsections of law actually contain any "investigatory procedures." *Id.* at ¶¶59-69.

In its Amended Complaint, SBA List alleges it is "injured" in the following ways:

- Driehaus' and Lamar's agreement not to post SBA List's Ad "chilled" SBA List's speech (*id.* at ¶¶ 14, 38);

- the "investigatory procedures" in Ohio's false statement law "chill and burden" SBA List's speech" (*id.* at ¶35);

- SBA List's speech was "burdened as a result of Defendant Driehaus' complaints themselves" and SBA List's speech was "chilled" because of the complaints (*id.* at ¶ 36-37);

- SBA List "faces the prospect of its speech and associational rights again being chilled and burdened by Ohio's unconstitutional laws" because Rep. Driehaus has publicly indicated "he may run for Congress again in the future" (citing a newspaper article) and SBA List "intends to engage in substantially similar activity in the future" (*id.* at ¶¶ 39-41).

## III.    LAW AND ARGUMENT

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(1) and (b)(6) allow a district court to dismiss any complaint for "lack of subject matter jurisdiction" and that fails "to state a claim upon which relief can be granted." In applying these standards, a court must presume all factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). The court need not, however, accord the presumption of truthfulness to any legal conclusion, opinion or deduction, even if they are

couched as factual allegations. *Sexton v. Barry*, 233 F.2d 220, 223 (6th Cir. 1956), *cert. denied*, 352 U.S. 870 (1956).

### B. SBA List's Claims Are Not Justiciable.

The Constitution extends federal court jurisdiction only to those legal questions presented in "Cases" and "Controversies." U.S. Const. Art. II, § 2. The party invoking federal jurisdiction bears the burden of establishing its existence. *See FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231, 110 S. Ct. 596 (1990). SBA List cannot demonstrate Article III jurisdiction because its claims are not ripe for adjudication and SBA List lacks standing to challenge the Ohio statutes at issue.

### 1. SBA List's Amended Complaint is not ripe for review.

A claim is not ripe for adjudication if it rests upon "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). The ripeness doctrine serves, in part, to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). The Sixth Circuit has developed a three factor test to determine whether a claim is ripe: (1) the likelihood that the harm alleged will ever come to pass; (2) whether the factual record is sufficiently developed to allow for adjudication; and (3) hardship to the parties if judicial review is denied. *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002) (citing *Adult Video Ass'n v. United States*, 71 F.3d 563, 568 (6th Cir. 1995)). This test is "somewhat relaxed" in First Amendment cases. *Id.* That is, in the First Amendment context, the inquiry focuses more on "how imminent the threat of prosecution is and whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute." *Norton*, 298 F.3d at 554 (emphasis added). Even in a First Amendment challenge, however, a plaintiff must establish its claim is ripe for review under all three factors.

*Norton*, 298 F.3d at 554-555; *Adult Video*, 71 F.3d at 567-568.[3] Under these guidelines, SBA List's claims are not ripe for review.

a. **SBA List is not under an imminent threat of enforcement of any Ohio law.**

There is no imminent threat of enforcement of Ohio's false statement or disclaimer statutes against SBA List. Whether the Commission may at some future point seek to enforce Ohio's false statement or disclaimer statutes against SBA List on the basis of some future statement is contingent on a great number of uncertain events, including all of the following occurring imminently:

- Driehaus decides he will run for Congress in 2012 and meets the definition of "candidate" in R.C. 3517.01;

- SBA List publishes its Ad about Rep. Driehaus;

- Rep. Driehaus files a complaint with the Commission claiming that SBA List violated Ohio's false statement and disclaimer laws;

---

[3] SBA List's Amended Complaint should not be subject to the "somewhat relaxed" First Amendment standard. The Sixth Circuit has already held that Ohio's false statement statute is constitutional because it only prohibits false speech. *Pestrak v. Ohio Elections Commission*, 926 F.2d 573, 579 (6th Cir. 1991) ("false speech, even political speech, does not merit constitutional protection if the speaker knows of the falsehood or recklessly disregards the truth . . . Thus, *on its face*, the statute is directed against, and Pestrak was charged with issuing, speech *that is not constitutionally protected*."); *Briggs v. Ohio Elections Comm.*, 61 F.3d 487, 494 (6th Cir. 1995) (Ohio's false statement statute "poses no First Amendment difficulty so long as it regulates only false speech made knowing of the falsehood or in reckless disregard for the truth."); *see also Garrison v. Louisiana*, 379 U.S. 64, 75 (1964).

Thus, Ohio's false statement statute does not prohibit speech that is protected by the First Amendment, and the "somewhat relaxed" standard should not apply here. Nonetheless, because SBA List cannot show any "credible fear of ***enforcement***" of any Ohio law against it – and SBA List has not alleged that it refuses to comply with Ohio law – its claims are not ripe for review under either standard. *Norton*, 298 F.3d at 554.

- The Commission determines the Ad is designed to defeat Driehaus' 2012 campaign for federal office. That is, under R.C. 3517.21(B), the Commission must determine that SBA List's Ad is "campaign material" that SBA List issued with the "intent to affect the outcome of" Driehaus' 2012 campaign and was "designed to promote the election, nomination or defeat of the candidate." This would be a very difficult legal conclusion, given that it is currently January 2011; the election is not until November 2012; and the Ad was designed in 2010. In addition, the Ad does not use the words "oppose," "vote against," "defeat," or "reject" or other words that would appear to expressly advocate for Driehaus' election defeat in 2012 (as opposed to simply criticizing his vote on health care reform legislation);

- The Commission determines that SBA List's Ad is a "false statement" relating to Rep. Driehaus' voting record and that SBA List disseminated "either knowing the same to be false or with reckless disregard of whether it was false or not." Again, this will be a highly difficult legal proposition in light of the complexities, structure, and negotiation history of the federal health care law – and of the wide and varied nationwide commentary and interpretation of the law – and given that the false statement law does not prohibit protected expressions of opinion, of predictions with regard to the consequences of legislative enactment, or evaluation of the merits of any legislative or other policy proposal.

- The Commission determines that SBA List's Ad requires the disclaimer language set forth in R.C. 3517.20(A)(2) – despite the fact that the Commission does not apply this statute to a political publication relating to federal election and it is **prohibited** from doing so under federal law. Further, the Commission must determine whether the Ad meets the terms of the statute: whether the Ad is a "political publication for or against a candidate" that is "designed to promote" the election or defeat of the candidate. Again, this is a difficult question of state law considering it is 2011 and the Ad does not use words typical words of "express advocacy."

SBA List cannot establish that any or all of the foregoing is **imminently** about to occur and, therefore, it is not under a credible threat of enforcement of Ohio's statutes. Attempting to

anticipate whether and when some potential candidate will file a complaint against SBA List – and whether the Commission would ultimately decide whether the SBA List's political publication actually violates Ohio's laws – takes this Court into the area of speculation, conjecture, and hypothetical, which the ripeness doctrine was designed to prevent. *Norton*, 298 F.3d at 554.

Moreover, if the Court accepts jurisdiction, the Court will be forced to answer these difficult legal questions of state law before they actually arise in the Commission. The Court would be entangling itself in an abstract disagreement over questions including the interpretation of Ohio law and whether the Ad is "express advocacy" or "issue advocacy" and whether Ohio's false statement law applies to the Ad if it is not the "functional equivalent of express advocacy." Again, the ripeness doctrine was designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements" over state or administrative policies, and also to "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging party." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

In addition, SBA List has previously recited that the statement in its Ad is true and, therefore, the Ad complies with Ohio's false statement laws. Am. Complt. at Ex. 5, Tr. at 16:20-23 ("This bill allows for taxpayer funding of abortion for life, rape and incest. That's taxpayer funding of abortion."); *Id* at Tr. 19:18-23 ("It is the law [the federal health care reform legislation] that the advertisement refers to, it is the law that allows for federally funded abortions, and so that statement is categorically true, which we said about the congressman, and therefore this should be dismissed."). Thus, SBA List has not even alleged any intention to refuse to comply with Ohio's false statement statute, which is a requirement for any ripe First

Amendment claim. *Norton*, 298 F.3d at 554 ("In a First Amendment pre-enforcement challenge, the inquiry usually focuses on…whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute.").

Finally, SBA List cannot claim that the Commission's previous probable cause determination in 2010 demonstrates imminent threat of enforcement. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). In addition, a "probable cause" determination in 2010 cannot equate into a real and imminent threat of *enforcement* of Ohio's false statement statute in 2011. A probable cause determination and actual enforcement of Ohio's false statement law require two very different standards of proof. *See, e.g.*, O.A.C. 3517-1-11. A probable cause determination simply means that two members – out of a three member panel – believe the claim deserves a full seven-member Commission hearing based on the allegations in the complaint. To find an actual violation of Ohio's false statement law, however, the Commission must determine by clear and convincing evidence that the respondent in the action disseminated a false statement "either knowing the same to be false or with reckless disregard of whether it was false or not." R.C. 3517.21(B); 3517.155(D)(1). Given the different standards of proof, and the passage of time, the Commission's previous probable cause decision cannot, by itself, demonstrate any continuing threat of enforcement. Thus, the first ripeness factor demonstrates that this action is not ripe for review.

**b.** ***The factual record is not sufficiently developed for adjudication.***

SBA List cannot show that the current factual record is sufficiently developed to permit review. The facts surrounding whether future statements made by SBA List or other "lobbyists" about future candidates simply do not exist at this stage in the proceeding. These facts have yet

to be developed because, of course, SBA List has not yet alleged it is running the Ad again, no one has filed a Commission complaint against SBA List, and the Commission has not held that SBA List has ever violated any Ohio law.  Without more, the Court will be forced to speculate regarding the specifics and the likelihood that Ohio's false statement laws might apply to SBA List's Ad.

<b>c.        <i>SBA List will not suffer undue hardship.</i></b>

Withholding judicial relief will not result in undue hardship to SBA List.  There is no pending complaint or action against SBA List with the Commission.  Although SBA List claims its speech is "chilled," SBA List has certainly been speaking about the Ad and similar issues relating to the Ad.  As the Sixth Circuit held, "SBA List clearly has not been enjoined from any speech, and all indications are that its speech continues to be robust."  *Susan B. Anthony List v. Driehaus*, No. 10-4320, at 4.

The Sixth Circuit recently observed, "premature adjudication of legal questions compels courts to resolve matters, even constitutional matters, that may with time be satisfactorily resolved at the local level and may turn out differently in different settings."  *Miles Christi Religious Order v. Township of Francisco Contegrand*, No. 90-1618, 2010 U.S. App. LEXIS 25908, at *8 (6th Cir. Dec. 21, 2010).  This Court should adhere to the Sixth Circuit's advice and avoid premature adjudication here.[4]

---

[4] In *Briggs v. Ohio Elections Commission*, 61 F.3d 487 (6th Cir. 1995), the Commission determined that Briggs was "guilty" of violating the false statement law but did not refer her to prosecution or impose a fine.  *Id.* at 490.  Instead, the Commission informed Briggs that in the event a complaint is ever filed against her in the future for a similar violation, the Commission would "take into consideration the prior violation."  *Id.* at 490.  Briggs subsequently filed a federal lawsuit challenging the constitutionality of Ohio's false statement law and alleging that she planned on running for state office in the future using the same political advertisement. *Id.* at 491.  The Sixth Circuit determined that Briggs' federal action was ripe for review and that Briggs had standing.  Briggs had a "reasonable threat of prosecution" because the Commission

## 2. SBA List lacks standing.

Although the ripeness and standing doctrines overlap, they have different purposes and standards.[5]  In order to establish Article III standing, a plaintiff must show that: (1) it has suffered "a concrete and particularized injury," whether actual or imminent, (2) the injury is traceable to the defendant, and (3) and a favorable judgment would provide redress.  *Morrison v. Bd. of Educ.*, 521 F.3d 602, 608 (6th Cir. 2008) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992)).  SBA List cannot meet any of these factors.

***First***, SBA List cannot meet the injury-in-fact requirement.  SBA List claims that its injury is "chilled" speech.  Am. Complt. at ¶¶ 14, 35-41.  However, "[w]ith respect to the standing of First Amendment litigants, the Supreme Court is emphatic: '[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm.'"  *Morrison*, 521 F.3d at 608.  Thus, to have standing, a litigant alleging chill "must still establish that a concrete harm – i.e., ***enforcement*** of a challenged-statute – occurred or is imminent."  *Id.* at 610 (emphasis added); *Am. Library Ass'n v. Barr*, 956 F.2d 1178, 1193 (D.C. Cir. 1992) ("[W]hether plaintiffs have standing…depends on how likely it is that the government will attempt to use these provisions against them…and not on how much the prospect of enforcement worries them.").  As explained above, SBA List cannot demonstrate that Ohio's statute will be imminently ***enforced*** against it; therefore, SBA List's allegation of chill,

---

previously "found that she violated" Ohio's false statement laws and threatened to apply it against her in the future.  *Id.* at 491.  That is not the case here, where the Commission has ***not*** found a violation of the statute, has ***not*** made a finding of falsity, and has ***not*** made any statement with regard to its potential evaluation of future conduct.

[5] *See e.g.*, *Airline Prof'ls Ass'n of the Int'l Bhd. of Teamsters, Local Union No. 1224 v. Airborne, Inc.*, 332 F.3d 983, 988 (6th Cir. Ohio 2003) ("A threatened or imminent injury may satisfy standing's injury-in-fact requirement, yet the claim may still be unripe if the issues are not fit for judicial review, perhaps because future events may greatly affect the outcome of the litigation and the cost of waiting is not particularly severe. The converse is also true.").

without more, fails to substantiate the injury-in-fact requirement. Simply because someone may file a complaint against SBA List in the future does not mean the Commission will *enforce* the law against it.

*Second*, SBA List cannot demonstrate an injury traceable to the Commission or that a favorable judgment will redress its grievances. SBA List alleges that Driehaus and Lamar's agreement "chilled" its speech (Am. Complt. at ¶ 14, 38); SBA List's speech was "burdened as a result of Defendant Driehaus' complaints themselves" (*id.* at ¶ 36-37); Driehaus' extensive discovery "burdened" and "chilled" SBA List's speech before the November 2010 general election (*id.* at ¶¶ 33-37); and SBA List faces the prospect of being "chilled" and "burdened" again in the future because "any complainant can hale the SBA List before the [Commission], forcing it to expend time and resources defending itself" (*id.* at ¶ 39).

SBA List's self-described injuries are not traceable to any action by the Commission's enforcement of Ohio's false statement law but, instead, to a third party: either Lamar or Driehaus or some future complainant. An injunction against the Commission will not force Lamar to publish SBA List's Ad in the future. Similarly, a federal court order striking down Ohio's false statement law is too overbroad a remedy if SBA List's injury is that a past litigant – to whose withdrawal of the complaint SBA List consented – has falsely accused it of violating the law. Finally, if SBA List believes that Driehaus' discovery request were overly burdensome, it should have requested the appropriate relief with the Commission – such as a protective order or filed a motion to quash the subpoenas. Certainly, SBA List had several adequate remedies at law to minimize any burdensome discovery.

Because SBA List has failed to establish the injury-in-fact, traceability, and redressability requirements for Article III standing, SBA List has failed to invoke the subject matter jurisdiction of this Court.

### 3. The controversy between the SBA List and the Commission has become moot.

On November 12, 2010, Rep. Driehaus filed a motion to withdraw his complaints with the Commission before the Commission ever decided whether the Ad violated Ohio law. Am. Complt. at ¶ 34. The SBA List consented to that withdrawal. *See* Doc. #20. The motion was granted by the Commission on December 2, 2010, thereby terminating the Commission proceeding. *Id.* Thus, there is longer a live and actual controversy between the parties.

### 4. SBA List's challenge to the constitutionality of Ohio's disclaimer statute, R.C. 3517.20(A)(2), should be dismissed.

If the Court determines SBA List has demonstrated general Article III standing, the Court should still dismiss SBA List's challenge to Ohio's disclaimer statute for lack of jurisdiction. There is no "case" or "controversy" over SBA List's claim regarding R.C. 3517.20 because there is no adversity of parties or interests. This statue was not enforced against SBA List because the Commission does not enforce this statute against political publications that allegedly relate to federal elections. *See, e.g.*, Am. Complt. at Ex. 5, Tr. 26:14-23; Tr. 23:11-14:6. The disclaimer provision in the Federal Election Campaign Act ("FECA"), 2 U.S.C. §§431 *et seq*., preempts Ohio's disclaimer law for federal elections. *See* 2 U.S.C. § 453; 2 U.S.C. § 441d. Simply because Rep. Driehaus filed a complaint with the Commission against SBA List alleging a violation of Ohio's disclaimer statute – which the Commission dismissed at the preliminary review stage for "lack of jurisdiction" – does not demonstrate an actual controversy between the Commission and SBA List that would establish adversity of parties or entitle SBA List to any sort of injunction or declaration. This Court does not have Article III jurisdiction over this claim.

5. **SBA List's Claims against the Commission's Staff Attorney should be dismissed.**

Similarly, Commission Staff Attorney, Philip Richter, should be dismissed from this action because there is no justiciable claim against him that would establish a case or controversy. Mr. Richter is the full time attorney that the Commission is required to employ, and in that capacity he "shall review each complaint filed with the commission under section 3517.153 of the Revised Code, shall determine the nature of the complaint, and . . . shall make a recommendation to the commission for its disposition, in accordance with this section." R.C. 3517.154(A)(1). The full-time attorney, however, does not vote on whether any specified action constitutes a violation of the Ohio Revised Code; therefore, he does not "enforce" the law. That duty is solely afforded to the Commission members. Instead, Mr. Richter is merely charged with the responsibility to express a recommendation upon review of the complaint, which may or may not be adopted by the Commission. Thus, because SBA List does not have an interest that is adverse to that of Mr. Richter, he should be dismissed from this lawsuit for lack of a case or controversy.

C. **SBA List's Amended Complaint Fails To State A Claim For Relief.**

In the alternative, even if the Court determines SBA List's claims are ripe for review and has demonstrated Article III standing, the Court should dismiss the Amended Complaint for failure to state a claim for relief. All of SBA List's claims fail as a matter of law.

1. **The Sixth Circuit has already upheld the facial constitutionality of Ohio's false statement statute.**

Because the Sixth Circuit has twice upheld the facial constitutionality of Ohio's false statement statute, SBA List's facial challenges should be dismissed for failure to state a claim. In *Pestrak v. Ohio Elections Commission*, 926 F.2d 573 (6th Cir. 1991), the Sixth Circuit rejected the identical argument that SBA List makes here and held that Ohio's false statement law,

including R.C. 3517.21(B)(9) & (10), are facially constitutional. The plaintiff in *Pestrak* argued that Ohio's false statement laws are unconstitutional because their "basic purpose is to distinguish among types of political speech based on their content." 926 F.2d at 577. This argument, according to the Sixth Circuit, is "untenable" because "false speech, even political speech," does not merit constitutional protection if the speaker knows of the falsehood or recklessly disregards the truth." *Id.* (citing *Garrison v. Louisiana*, 379 U.S. 64 (1964)).[6] Thus, because Ohio's false statement laws, on their face, are directed only at speech that is not constitutionally protected, they are facially constitutional. *Id.; see also Briggs v. Ohio Elections Commission*, 61 F.3d 487, 494 (6th Cir. 1995) (affirming that Ohio's false statement laws pose "no First Amendment difficulty so long as it regulates only false speech made knowing of the falsehood or in reckless disregard for the truth").

Given this precedent, SBA List cannot demonstrate Ohio's false statement statute is facially unconstitutional. The U.S. Supreme Court has expressed strong disapproval of facial challenges where, as here, a plaintiff asks the court to "speculate about hypothetical or imaginary cases." *Washington State Grange v. Washington State Republican Party*, 128 S. Ct. 1184, 1190 (2008). SBA List can only succeed on a facial challenge by "establish[ing] that no set of circumstances exists under which the [statute] would be valid, i.e. that the law is unconstitutional in all of its applications." *Id.* at 1190 (internal citations omitted). Because the Sixth Circuit has already upheld the constitutionality of Ohio's false statement laws, SBA List's facial claims fail

---

[6] And although the Sixth Circuit did observe that "there is a serious question regarding the power of the government to engage in the political process by undertaking official government action to adjudicate the truth of the statements in an election," the court concluded that with regard to the Commission's "truth declaring function" that the Commission's finding would "fall exactly with the tenet that 'the usual cure for false speech is more speech.'" *Pestrak*, 926 F.2d at 579.

as a matter of law. In addition, none of SBA List's "new" claims – claims that it alleges were not addressed in *Pestrak* – demonstrates that Ohio's false statement law is unconstitutional in all applications.

### a. R.C. 3517.21(B)(9) incorporates an actual malice standard.

SBA List claims that R.C. 3517.21(B)(9) is facially unconstitutional because it "lack an 'actual malice' requirement." Am. Complt. at ¶ 46. SBA List incorrectly interprets Ohio law. The plain language of R.C. 3517.21(B) uses a "knowingly" standard. The Sixth Circuit has recognized that because "most of the parts of [Ohio's false statement law] affect only the knowing making of false statements" – including R.C. 3517.21(B)(9) – "[t]hese portions of the statute clearly come within the Supreme Court holdings in *Garrison v. Louisiana*, 379 U.S. 64 (1964), and *New York Times v. Sullivan*, 376 U.S. 254 (1964)." *Pestrak*, 926 F.2d at 577.

Moreover, R.C. 3517.155(D) requires that the Commission "shall make any finding of a failure to comply with or a violation of law in regard to a complaint that alleges a violation of…division (A) or (B) of section 3517.21…by clear and convincing evidence." Thus, by operation of R.C. 3517.155, the Commission may only find a violation of R.C. 3517.21(B)(9) if there is "clear and convincing" evidence that a person "knowingly and with intent to affect the outcome" of an election "make[s] a false statement concerning the voting record of a candidate or public official." Ohio courts have recognized that by incorporating this "clear and convincing" standard in R.C. 3517.21(B) with the "knowingly" standard, Ohio's false statement law (including R.C. 3517.21(B)(9)) "does not apply to circumstances only involving negligence or even recklessness." *Ohio Democratic Party v. Ohio Elections Commission*, No. 07AP-876, 2008 Ohio App. LEXIS 3553, at *13 (Ohio Ct. App. Aug. 21, 2008). Thus, Ohio law incorporates the actual malice standard, and the statute is facially constitutional.

**b.      *R.C. 3517.21(B)(9) & (10) are not unconstitutionally vague.***

SBA List next claims that Ohio's false statement statutes are "unconstitutionally vague under *Buckley v. Valeo*, 424 U.S. 1 (1976)," because each section of law "relies on the intent of the speaker and implications of speech to ascertain its scope and fails strict scrutiny." Am. Complt. at ¶¶ 47, 54. A law may be impermissibly vague for either of two independent reasons: first, if it fails to afford a "person of ordinary intelligence a reasonable opportunity to know what is prohibited," (*Grayned v. City of Rockford*, 408 U.S. 104, 108-09 (1972)); second, if it "authorizes or even encourages arbitrary and discriminatory enforcement." *Hill v. Colorado*, 530 U.S. 703, 733 (2000). Ohio's false statement law is not facially vague. Neither of these reasons applies here.

SBA List's reliance on *Buckley* is misplaced. In *Buckley*, the Supreme Court held that the phrase "expenditure…relative to a clearly identified candidate" was vague because the phrase "*relative to* a clearly identified candidate" was "so indefinite" that it failed to clearly mark the boundary between permissible and impermissible speech. 424 U.S. at 41. *Buckley* involved a clearly distinguishable statute. Unlike the statute in *Buckley*, Ohio's false statement statute includes a scienter requirement: a person must "knowingly *and* with intent to affect the outcome of such campaign" make or publish the "false statement." R.C. 3517.21(B)(9) & (10). In addition, subsection (B)(10) requires that the publisher either know the statement is false or act with "reckless disregard of whether it was false or not." The Supreme Court has made clear that "scienter requirements alleviate vagueness concerns." *Gonzales v. Carhart*, 550 U.S. 124, 149 (2007); *see also Colautti v. Franklin*, 439 U.S. 379, 395 (1979) ("This Court has long recognized that the constitutionality of a vague statutory standard is closely related to whether that standard incorporates a requirement of mens rea").

Moreover, unlike in *Buckley*, each of the terms and phrases in Ohio's false statement statute has a statutory or common understanding, and the statute gives fair notice to whom it is directed. Thus, the statute clearly marks the boundary between permissible and impermissible speech. The statute uses phrases such as "knowingly," "false statement," "knowing the same to be false or with reckless disregard of whether it is false or not" – all of which give a person of ordinary intelligence a reasonable opportunity to know what is prohibited.

In addition, the law has survived similar constitutional challenge for decades, and its constitutionality has been affirmed on several occasions by the Sixth Circuit, which demonstrates the law is not vague. *See, e.g.*, *Pestrak*, 926 F.2d at 577 ("The court below was correct in holding that the statute is not unconstitutional on its face…"); *Briggs*, 61 F.3d at 494; *Ohio Democratic Party v. Ohio Elections Commission*, No. 07AP-876, 2008 Ohio App. LEXIS 3553, at *16 (Ohio Ct. App. Aug. 21, 2008) ("[A]ppellants have failed to demonstrate that R.C. 3517.21(B)(1) is unconstitutionally vague.").

Finally, SBA List misconstrues the statute. Application of the plain language in R.C. 3517.21(B) does not depend on what a "particular hearer" subjectively believes is implied by the statement. The Ohio Supreme Court has clarified that the Commission must use the "reasonable reader" standard to determine the falsity of a statement under R.C. 3517.21(B). That is, the Commission must assess "the common meaning ascribed to the words by an ordinary reader" in order to determine whether a statement is false. *McKimm v. Ohio Elections Commission*, 729 N.E.2d 364, 371 (Ohio 2000). Thus, the test for determining whether a statement is false depends on "the reasonable reader's perception of the statement" – not on the perception of publisher or a particular hearer. *Id.* Accordingly, application of R.C. 3517.21(B) is not

dependent on the "implications" of the listener, and SBA List cannot demonstrate that the statute is unconstitutionally vague.

### c.    *R.C. 3517.21(B)(9) & (10) are not facially overbroad.*

SBA List also claims that Ohio's false statement statutes are facially unconstitutional because the statutes are "overbroad, impermissibly regulating more than express advocacy." Am. Complt. at ¶¶ 49, 55.  To succeed on a facial overbreadth claim, a plaintiff must demonstrate from the text of the statute and from actual fact that a substantial number of instances exist in which the law cannot be applied constitutionally.  *Richland Bookmart, Inc. v. Knox County, Tenn.*, 555 F.3d 512, 532 (6th Cir. 2009) (citing *N.Y. State Club Ass'n v. City of New York*, 487 U.S. 1, 14 (1988)).  The text and actual application of R.C. 3517.21(B)(9) & (10) *only reach false statements.*  Again, "the knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection." *Garrison*, 379 U.S. at 75; *see also Pestrak*, 926 F.2d at 577. And, the Sixth Circuit has twice held that Ohio's false statement statute only reaches false speech.  Thus, regardless of whether Plaintiff's speech is "express advocacy" or "issue advocacy," if it is false and made knowingly or with reckless disregard, the speech is not constitutionally protected by the First Amendment.

Further, SBA List cannot demonstrate that the law reaches "issue advocacy" without any evidence that the terms of the statute apply to "issue advocacy" or that the Commission has actually applied the statute to "issue advocacy."  The plain language of the statute demonstrates that it applies only to statements designed to affect the outcome of an election.  The statute provides:

> (B) No person, *during the course of any campaign for nomination or election* to public office or office of a political party, *by means of campaign materials*, including sample ballots, an advertisement on radio or television or in a newspaper or periodical, a public speech, press release, or otherwise, shall

> *knowingly and with intent to affect the outcome of such campaign* do any of the following:
>
> (9) Make a false statement concerning the voting record of a candidate or public official;
>
> (10) Post, public, circulate, distribute, or otherwise disseminate a false statement concerning a candidate, either knowing the same to be false or with reckless disregard of whether it was false or not, *if the statement is designed to promote the election, nomination, or defeat of the candidate.*

All of the emphasized language in the statute demonstrates that it applies to speech about elections and not simply to political "issues." Further, were this Court to address this claim the Court would need to construe Ohio law – before the Ohio agency given the authority to interpret the law – to determine whether the terms of Ohio's statute extend to alleged "issue advocacy." Because R.C. 3517.21(B)(9) & (10) only apply to false speech designed to affect the outcome of an election, the statutes cannot be overbroad.

### 2. R.C. 3517.21(B)(9) & (10) are not unconstitutional with regard to lobbyists.

Counts II and IV of SBA List's Amended Complaint allege that Ohio's false statement law is unconstitutional with regard to "lobbyists taking positions on political issues, because [the statutes] unconstitutionally penalizes protected opinions." Am. Complt. ¶¶ 51, 58 (citing to *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). As set forth above, the statute does not reach protected opinion.

Moreover, this pre-enforcement challenge is the best example of why this case is not ripe for review. The Commission never determined that SBA List's Ad about Rep. Driehaus and the complex federal health care bill did in fact violate Ohio's false statement statute. The Court should not be entertain a broad injunction applicable to "lobbyists taking positions on political issues" without an actual case where the Commission extended the statute to such a group.

Further, the Commission and Ohio law protect "opinions," which are distinguishable from false statements. *McKimm*, 729 N.E. 2d at 371. Ohio's test for distinguishing a statement of fact from an opinion depends on the "reasonable reader's perception of the statement." *Id.* (explaining four factor test). Thus, Ohio's false statement law must not be applied to statements of "opinion." SBA List, therefore, has failed to set forth a claim for relief that R.C. 3517.21(B)(9) & (10) are unconstitutional as applied to lobbyists who are expressing opinions.

### 3. Count V fails to state a legally cognizable claim for relief.

Count V of SBA List's Amended Complaint does not state a legally cognizable claim of relief for two reasons. First, SBA List has not properly pled the claim. Second, if the claim is intended as an attack on the Commission's discovery and evidentiary rules – which incorporate the civil rules – SBA List cannot demonstrate the rules violate the First Amendment.

First, it is axiomatic that even with notice pleading, a complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 406 (6th Cir. 1998). Furthermore, when attempting to plead a cause of action, a plaintiff must provide more than mere labels and conclusions. *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949-1951 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Count V of SBA List's Amended Complaint states that "[i]nvestigations pursuant to Ohio Revised Code Sections 3517.21(B)(9) and (10) are unconstitutional governmental interference because they compel disclosure 'of past expressions and associations'…" Am. Complt. at ¶ 62. However, there are no "investigation procedures" in these two statutes. These two subsections of R.C. 3517.21(B) simply prohibit certain types of "false statements" – they do not implement, require, or authorize any "investigations." Similarly, the statutes do not "compel" any disclosure of "past expressions

and associations" and they do not require "government interference." Accordingly, Count V should be dismissed for failure to properly plead the claim.

Second, to the extent that SBA List is claiming that the Commission's discovery rules are unconstitutional, those discovery and evidentiary rules are the same rules applied to every litigant in Ohio courts. That is, the Ohio Rules of Civil Procedure and Ohio Rules of Evidence control proceedings before the Commission in all instances in which they are not in conflict with more specific rules of procedure outlined in the Ohio Revised Code or Administrative Rules. OAC § 3517-1-0. Specifically, Ohio Civil Rules 26(A),[7] (B)(1), (3) and (4), and (C)-(E); 27(A), (C)-(G); 28; 29; 30; 31; 32; 33; 34; 36 and 37 apply to proceedings before the Commission. OAC 3517-1-09.

Thus, to the extent that SBA List is arguing that the Commission's discovery and evidentiary rules violate the Constitution, the argument has no legal merit. In a Commission proceeding, a party may make a discovery request for documents or information related to "past expressions or associations;" however, such a request does not guarantee the requester is entitled to the information. Similar to civil litigation, if a party believes that the opposing party has requested confidential or burdensome information, the party from whom discovery is sought may file a Civil Rule 26(C) motion for protective order with the Commission. And, similar to a judge in civil proceeding, the Commission's Staff Attorney has the authority to make any order that justice requires to protect a person or party from annoyance, embarrassment, oppression, or undue burden or expense. OAC 3517-1-09(C); Ohio Civ. R. 26(C).

---

[7] "Except that inspection of real property and physical/mental examinations shall not be allowed." OAC 3517-1-09.

Similarly, when a party requests the issuance of subpoenas or subpoenas duces tecum, compelling the attendance of a person and the production of relevant papers at a deposition or the hearing, these subpoenas are issued by the Staff Attorney to the Commission. If a party believes that the subpoena requests constitutionally-protected information or is overly-burdensome, the party against whom the subpoena is sought has an opportunity to file a motion to quash with the Commission. OAC 3517-1-11(B)(3)§. The Commission rules provide that if, in the reasonable judgment of the Staff Attorney, the request for subpoena is considered to be overly burdensome or requested solely for the purpose of harassment or delay, the subpoena shall not be issued. *Id.*

Thus, nothing in the Commission's discovery process "compels" the disclosure of "past expressions and associations" that could be constitutionally protected. Am. Complt. at ¶ 62. Should a party object to a discovery request on First Amendment grounds, or any other grounds, it has the same protections that any civil litigant would have to protect itself. Simply because a party in civil litigation requests allegedly constitutionally-protected information in discovery cannot create a claim that the discovery rules are unconstitutional.

## IV.    CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

MICHAEL DEWINE (0009181)
OHIO ATTORNEY GENERAL

s/ *Erick D. Gale*
ERICK D. GALE (0075723)
MICHAEL J. SCHULER (0082390)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus OH  43215
T: (614) 466-2872; F: (614) 728-7592
erick.gale@ohioattorneygeneral.gov

michael.schuler@ohioattorneygeneral.gov

*Counsel for Ohio Elections Commission Members and its Staff Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2011, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to the parties listed below by operation of the Court's electronic

filing system. Parties may access this filing through the Court's system.


s/ Erick D. Gale
_____
ERICK D. GALE (0075723)
Assistant Attorney General