# United States District Court
# for the Southern District of Ohio
# Western Division

| | |
|---|---|
| **Susan B. Anthony List,** *Plaintiff,* v. **Rep. Steve Driehaus, et al.,** *Defendants.* | Case No. 10-CV-720 (LEAD) |
| **Coalition Opposed to Additional Spending and Taxes,** *Plaintiff,* v. **Ohio Elections Commission, et al.,** *Defendants.* | Case No. 10-CV-754 (CONSOLIDATED) |

# Response In Opposition to the Ohio Election Commission's and Rep. Driehaus' Motions to Dismiss

On January 31, 2011, Defendant the Ohio Election Commission ("Commission") filed its Motion to Dismiss. (Doc. 29.) On February 8, 2011, Defendant Mr. Driehaus filed his Motion to Dismiss. (Doc. 31.) Plaintiff the Susan B. Anthony List ("SBA List") now timely files its response.

## Facts

The facts of this case are set out in the *Amended Verified Complaint for Declaratory and*

*Injunctive Relief* and verified there by Emily Buchanan, Executive Director of the Susan B. Anthony List (the "SBA List"). They are also briefly restated in the SBA List's Summary Judgment memorandum, filed concurrently with this memorandum. SBA List incorporates them herein.

# Argument

**Standard of Review**

In reviewing a motion to dismiss, this Court construes the complaint "in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *United Food and Commercial Workers Local 1099 v. City of Sidney,* 364 F.3d 738, 746 (6th Cir. 2004); *Briggs v. Ohio Election Commission*, 61 F.3d 487, 493 (6th Cir. 1995). Defendants have not satisfied this requirement.

### I. The SBA List's Claims Satisfy Article III.

**A. The SBA List's Claims Are Ripe**.

As the Commission correctly states, to determine whether a claim is ripe, this Court must consider 1) the likelihood that the injury alleged by the plaintiff will ever occur; 2) whether the factual record is sufficiently developed to allow for adjudication; and 3) the hardship to the parties from refusing consideration. *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002). And:

> [t]he ripeness inquiry to pre-enforcement challenges in First Amendment cases usually focuses on how imminent the *threat of prosecution* is and whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute in order to ensure that the fear of prosecution is genuine and the alleged chill on First Amendment rights is *concrete* and *credible*, and not merely imaginative or speculative. *Steffel v. Thompson*, 415 U.S. at 459, 94 S. Ct. at 1215; *Babbitt*, 442 U.S. at 301-03, 99 S. Ct. at 2310-11. Parties not

yet affected by the actual enforcement of the statute are allowed to challenge actions under the First Amendment in order to ensure that an overbroad statute does not act to "'chill' the exercise of free speech and expression," a constitutionally protected right. *Dambrot v. Central Michigan Univ.*, 55 F.3d 1177, 1182 (6th Cir. 1995).

*National Rifle Ass'n of America v. Magaw*, 132 F.3d 272, 284 (6th Cir. 1997) (emphases added). The SBA List satisfies these three considerations.

### 1. The SBA List Has Already Been Harmed And Can Be Harmed Again.

The SBA List has already been chilled and burdened as a result of the Commission and Rep. Driehaus' actions to enforce the challenged statutes. (Compl. ¶¶ 25-27.) The SBA List's intended speech, the billboard, never happened. (Compl. ¶ 14.) That it sent out press releases communicating the nature and progress of the lawsuit against it that included information about the billboard does not negate the fact that its intended speech was chilled. The SBA List has already been harmed. This alone satisfies the first prong of the ripeness analysis.

Moreover, the possibility of legal action against the SBA List for that billboard and subsequent press releases remains in effect. The Commission's order dismissing Mr. Driehaus' complaint nowhere precludes Mr. Driehaus from refiling his claim. Under R.C. § 2305.19(A), he has one year to do so. The SBA List has no assurance that the charges against it will not be resurrected within the next year, and so it brought this facial and as-applied constitutional challenge both to enjoin the challenged statutes prior to the election and to now eradicate this continuing threat. (Compl. ¶ 70-80.) A reasonable threat of prosecution for the SBA List's conduct gives rise to a sufficiently ripe controversy. *Briggs,* 61 F.3d at 493.

The Commission argues that the SBA List has not alleged any intention to refuse to comply with Ohio's False Statement Law as required for ripeness. (Comm'n Mem. at 10-11.) But the

SBA List's allegedly false and malicious billboard was apparently sufficiently noncompliant for a finding a probable cause by the Commission. The Commission appears to already have reason to believe that the SBA List has refused to comply. And the SBA List intends to engage in substantially similar activity in the future and has no reason to believe that will not survive another probable cause hearing. (Compl. ¶ 42.)

The Commission contends that the SBA List presents an abstract disagreement for this Court to resolve. (Comm'n Mem. at 10.) But as the proceedings the SBA List was subjected to demonstrate, the Commission does, in fact, enforce this statute and will prosecute cases pursuant to it. And there is no reason to think that the Commission would not do so again if Mr. Driehaus resumed his claims against the SBA List or if the SBA List again mentions a candidate in future lobbying efforts in Ohio. The SBA List presents a concrete threat of injury. Its speech has not only already been chilled, but it can credibly be threatened with prosecution for its future speech under the challenged statutes.

### 2. The Factual Record Is Sufficient.

The Commission contends that unknown future facts demonstrate the record is inadequate. (Comm'n Mem. at 11.) But the facts needed to resolve this constitutional challenge are sufficiently developed: the SBA List wanted to put up a billboard, it was chilled from doing so under threat of prosecution, and although the proceedings against it were voluntarily dismissed, nothing precludes Mr. Driehaus and the Commission from renewing prosecution against it. The SBA List satisfies the second part of ripeness analysis.

### 3. The SBA List Has And Continues To Experience Undue Hardship.

The Commission argues that because the SBA List has been able to talk about the billboard in question, no genuine hardship befalls it. (Comm'n Mem. at 12.) But not only was the SBA List prevented from putting up its billboard, suit can be brought against it for its efforts for another full year. *See supra* Part I.A.1. That the suit against it was dismissed because the election has concluded demonstrates the frivolous and abusive nature of the challenged statutes. That the SBA List can still be subject to a lawsuit demonstrates the continued hardship it faces. *See Briggs,* 61 F.3d at 493.

The Commission, joined by Mr. Driehaus, articulates a very crabbed understanding of ripeness in its list of hypothetical requirements for ripeness to be satisfied. (Comm'n Mem. at 8-9; Driehaus Mem. at 5.) Indeed, under the Commission's standard, the only credible way to address the constitutionality of the challenged statutes would be as an affirmative defense during a proceeding before the Commission. (Comm'n Mem. at 8-9.) A federal court could never review it, because abstention could prevent it–as it did in this case–and when abstention issues resolve because the proceedings are dismissed, it would be, according to the Commission, unlikely to occur again. The Commission would have this Court essentially render the challenged statutes unchallengeable as an original action, giving candidates and other interested parties free rein to bring lawsuits to chill speech against candidates and then to dismiss those claims after the election with no repercussions whatsoever. This would forever deprive the SBA List and those similarly situated from a meaningful remedy. The SBA List has and will continue to experience undue hardship if this Court dismisses this matter. For these reasons, the SBA List claims are ripe.

**B. The SBA List Has Standing To Bring Its Claims.**

Article III of the U.S. Constitution provides that the subject matter of federal courts is limited to "cases" and "controversies." U.S. Const. Art. III, § 2. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

"[T]he irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560.

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of— the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id*. at 560-61 (quotations, citations and footnote omitted). The SBA List satisfies all three elements.

First, Rep. Driehaus' complaint against SBA List chilled its speech. Rep. Driehaus contacted the billboard company producing the billboard and, in exchange for the company's agreement not to put it up, agreed not to sue the company as well. (Compl. ¶ 13, Ex. 2.) The SBA List can no longer engage in its intended protected political speech. (Compl. ¶ 24.) The Commission panel's probable cause finding, coupled with the consequent discovery, ensures that speech will continue to be chilled—the billboard company agreed not to put up the Advertisement until the cause of action has concluded. (Compl. ¶ 24, Ex. 2.) In addition, the resulting onerous discovery has forced SBA List to split its attention and finances on defending itself,

rather than focus on it's primary purpose of political speech. (Compl. ¶ 26.) This chill and burden on the SBA List is more than sufficiently concrete and imminent for standing.

The Commission contends this chill is subjective because there is no guarantee that the Commission will enforce the law against the SBA List. (Comm'n Mem. at 13.) However, as discussed above at Part I.A.1, the Commission allowed proceedings against the SBA List to proceed under the challenged statutes, dismissing them only because Rep. Driehaus chose to. The SBA List has no reason to believe that the Commission would behave differently for subsequent challenges against it. The resulting chill to avoid such proceedings is objective. *See Briggs,* 61 F.3d at 492.

Second, this chill and burden stems directly from Defendants' conduct. Rep. Driehaus caused the SBA List's speech to be chilled both by filing a complaint and arranging with the billboard company not to put up the SBA List's billboards. (Compl. ¶¶ 13, 24, Ex. 2.) And the Commission's finding of probable cause, along with Rep. Driehaus' subpoenas and discovery requests, imposes substantial burdens on the SBA List, which must now direct is efforts and finances to defending itself rather than engaging in its constitutionally protected speech. (Compl. ¶ 24.)

The Commission contends this level of involvement is not enough, that an injunction against Lamar or Driehaus rather than the Commission is the proper remedy for the SBA List. (Comm'n Mem. at 14.) However, these facts regarding the Commission are more than adequate. Indeed, "it is not necessary . . . that an individual first be exposed to prosecution in order to have standing to challenge a statute which is claimed to deter the exercise of constitutional rights." *Briggs,* 61 F.3d at 492 (citations omitted). Here, the Commission allowed the case to progress beyond a

probable cause hearing and permitted discovery to begin. The resulting injury stems from both Rep. Driehaus and the Commission's conduct.

Last, as the Defendants do not contest, this Court can remedy the chill on the SBA List's protected speech by declaring the challenged statutes unconstitutional and enjoining the Commission from allowing Rep. Driehaus to pursue his claims against the SBA List. An injunction of both the Commission and Rep. Driehaus will allow the SBA List and others similarly situated to exercise their free speech rights without threat of being frivolously haled into court and being forced to spend valuable financial resources defending instead of funding their speech.

## C. The SBA List's Claims Are Not Moot.

The Commission argues that the SBA List's claims are moot because the matter has been dismissed before the Commission. (Comm'n Mem. at 15.) Rep. Driehaus likewise contends this case is moot, arguing that there is no reasonable expectation that it will recur. ( Driehaus Mem. at 4.) As demonstrated above, nothing precludes Rep. Driehaus from refiling a suit against the SBA List. More significantly, this case falls comfortably within a recognized mootness exception: it is "capable of repetition, yet evading review." *FEC v. Wisconsin Right To Life*, 551 U.S. 449, 462 (2007) ("*WRTL-II*").

The "capable of repetition, yet evading review" exception "applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. (internal quotations and citations omitted). Because this case fits within the exception, the Court should hear it.

First, "there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id*. The SBA List "has a reasonable expectation that it will again be subjected to the alleged illegality, or will be subject to the threat of prosecution under the challenged law." *Id*. at 463 (quotations and citations omitted). This is because Ohio law allows Rep. Driehaus to revive his suit against the SBA List, *see Fletcher v. Univ. Hosps. of Cleveland*, 897 N.E.2d 147, 171 (Ohio 2008), and because there is no reason to believe that the Commission will "refrain from prosecuting violations" of the challenged statutes. *Id.* at 463.

Moreover, contrary to Defendants' assertions, the specific facts of this case do not need to literally recur for mootness to be avoided. As the United States Supreme Court stated in *WRTL II,* "[r]equiring repetition of every 'legally relevant' characteristic . . . would effectively . . . mak[e] this exception unavailable." *Id.* at 463. It is sufficient that the SBA List alleges that it "intends to engage in substantially similar activity in the future." (Am. Compl. ¶ 42.) *See Briggs,* 61 F.3d at 492-93.

Second, the challenged action can "evade review" because its duration too short to be fully litigated prior to cessation or expiration. *WRTL-II*, 551 U.S. at 462. The lawsuit Driehaus brought against the SBA List was filed on October 4, 2010, a mere month before the November 2, 2010 election. (Am. Compl. ¶ 15.) An expedited probable cause hearing was held on October 14, 2010, and a hearing before the Commission was scheduled for October 28, 2010, mere days before the general election. (Am. Compl. ¶¶ 28, 30.) It would be "entirely unreasonable" to expect that the SBA List could have obtained complete judicial review of its claims in time for it to engage in its speech during that time. *WRTL-II,* 551 U.S. at 462. For these reasons, the SBA List's claims are not moot.

## II. The SBA List Properly Challenges The Disclaimer Law.

The Commission contends that the disclaimer law challenge should be dismissed because the Commission has not enforced the requirement against speech involving federal candidates. (Comm'n Mem. at 15.) This argument fails on two grounds.

First, the statute itself is facially unconstitutional because it is not expressly restricted to state candidates. Ohio Revised Code Section 3517.20(A)(2) states:

> No . . . other entity . . . shall make an expenditure for the purpose of financing political communications in support of or opposition to a candidate through public political advertising, unless the name and residence or business address of the candidate or of the chairperson, treasurer, or secretary of the campaign committee, legislative campaign fund, political party, or other entity that issues or otherwise is responsible for that political publication or that makes an expenditure for that political communication appears in a conspicuous place on that political publication or is contained within that political communication.

R.C. § 3517.20(A)(2). The definition of "candidate" as used in Ohio Revised Code Section 3517.20(A)(2) includes candidates for federal office. "Candidate" is defined as "any qualified person certified in accordance with the provisions of the Revised Code for placement on the official ballot of a primary, general, or special election to be held in this state . . ." Ohio Revised Code § 3501.01(H). Because a candidate for federal office must be certified for placement on the ballot pursuant to Ohio Revised Code, (R.C. §§ 3513.05, 3513.257, 3513.10, 3513.261), this definition reaches candidates for federal office. The threat of enforcement of this statute against those making expenditures regarding a federal candidate is latent in the statute. *Prime Media, Inc. v. City of Brentwood,* 485 F.3d 343, 349 (6th Cir. 2007) (*quoting Virginia v. American Booksellers Ass'n, Inc.*, 484 U.S. 383, 392-93 (1988) ("[l]itigants ... are permitted to challenge a statute . . . because of a judicial prediction or assumption that the statute's very existence may

cause others not before the court to refrain from constitutionally protected speech or expression.") (internal citations omitted).

Second, the Commission would consider applying the disclaimer requirement in a federal context. The staff attorney at the probable cause hearing indicated that while R.C. § 3517.20(A)(2) was preempted in this circumstance, his opinion was that it would be applicable if the SBA List were organized as a PAC in Ohio. (*Commission Probable Cause Hearing Transcript*, Ex. 5, at 23.) A voting member of the panel disagreed with him, arguing that it applied even in this circumstance, and voting accordingly. *Id.* at 24-25, 27.) The statute allows such a discussion to occur because it does not expressly preclude application to speech about federal candidates. The SBA List was merely lucky to have only one of the three panel members disregard FECA's preemption of R.C. § 3517.20(A)(2). It, or another speaker, might not be so lucky in the future–particularly since panels change–and would have to needlessly defend against a statute that reaches speech that is clearly preempted by federal law.

### III. The SBA List Properly Challenges The False Statement Law Because of Its Unconstitutional Investigatory Procedures.

The Commission asserts that the SBA List's challenge to R.C. 3517.21(B)(9) and (10)'s investigatory procedures is improperly pled because the two statutes do not authorize any investigations nor compel disclosure. (Comm'n Mem. at 23.) Notably, if that were true, one wonders at the appropriateness of the Commission initiating a probable cause hearing or approving subpoenas. But as the SBA List proceedings before the Commission show–and as none of the parties can dispute–complaints for violations of R.C. 3517.21(B)(9) and (10) do trigger investigations upon a finding of probable cause and can compel via subpoena public

SBA LIST'S MEMO
OPPOSING DISMISSAL                      -11-

disclosure of a party's past expressions and associations. (Am. Compl. ¶ 62.) Such disclosure during investigations for violations of R.C. 3517.21(B)(9) and (10) amounts to unconstitutional governmental interference that chills future expression and association. (Am. Compl. ¶ 62, 63.) Having asserted this in its complaint with legal and factual support, the SBA List has properly provided to this Court "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Servs.,* 135 F.3d 389, 406 (6th Cir. 1998). This claim is properly before the Court.

### IV. The SBA List Properly Sued The Commission's Staff Attorney.

The Commission argues that the Commission's Staff Attorney is not properly a party. Mem. at 16. In doing so, it attempts to downplay the important role he serves to the Commission.

Under the statute, the staff attorney makes "a recommendation to the commission for [a complaint's] disposition." R.C. 3517.154(A)(1). While it is true he does not vote, a recommendation from a lawyer about the legal disposition of a matter to lay members of the Commission is hardly a trivial role. Because of his involvement in handling and advising on complaints under the challenged statutes, the SBA List seeks to enjoin the staff attorney from making recommendations pursuant to these statutes that are inconsistent with the First Amendment.

### V. The SBA List Asserts A Claim Upon Which Relief Can Be Granted.

The Commission asserts that the SBA List fails to state a claim upon which relief can be granted under F.R.C.P. 12(b)(6) because the challenged statutes are constitutional under the First Amendment. (Comm'n Mem. at 16-25.) For a pleading to withstand a Rule 12(b)(6) motion to dismiss, this Court "need find only that at least one of these claims is viable." *Briggs*, 61 F.3d at 494. As demonstrated in the SBA List's concurrently-filed memorandum supporting its Motion

for Summary Judgment, all of its challenges are not only viable, but warrant declaratory and injunctive relief in its favor. As the arguments in that briefing demonstrate, which the SBA List incorporates herein, the SBA List asserts viable claims that preclude dismissal.

## Conclusion

The SBA List's claims satisfy Article III's requirements, and it asserts viable claims upon which relief can be granted. For these reasons, this Court should deny Defendants Commission and Rep. Driehaus' respective Motions to Dismiss and resolve this case on the merits of the SBA List's concurrently filed Motion for Summary Judgment.

Dated: February 24, 2011

Respectfully submitted,

/s/ Anita Y. Woudenberg
James Bopp, Jr., Ind. #2838-84
Anita Y. Woudenberg, Ind. #25162-64
Joe La Rue, Oh. #80643
Elizabeth Kosel, Fl. #85098
BOPP, COLESON & BOSTROM
1 South Sixth Street
Terre Haute, IN 47807-3510
812/232-2434 telephone
812/234-3685 facsimile
*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that the foregoing document was served electronically on February 24, 2011, upon the following counsel via the Southern District of Ohio's electronic filing system:

Paul De Marco, Esq. – demarcoworld@yahoo.com

Christopher Stock, Esq.– chrisstock@wsbclaw.com

Erick D. Gale – erick.gale@ohioattorneygeneral.gov

Damian W Sikora – dsikora@ag.state.oh.us

Pearl Chin – pearl.chin@ohioattorneygeneral.gov

Michael Joseph Schuler – michael.schuler@ohioattorneygeneral.gov

Carrie L. Davis – cdavis@acluohio.org

Christopher R. Finney – cfinney@fssk-law.com

Curt Carl Hartman – hartmanlawfirm@fuse.net

                                           /s/ Anita Y. Woudenberg
                                           Anita Y. Woudenberg