IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| SUSAN B. ANTHONY LIST | : | Case No. 1:10-cv-00720 |
| *Plaintiff,* | : | (LEAD) |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| REP. STEVE DRIEHAUS, et al | : | |
| *Defendants* | : | |
| | : | |
| COALITION OPPOSED TO | : | Case No. 10-CV-754 |
| ADDITIONAL SPENDING & TAXES, | : | (Consolidated Case) |
| *Plaintiff* | : | |
| | : | |
| v. | : | Judge Timothy S. Black |
| | : | |
| OHIO ELECTIONS COMMISSION, et al. | : | |
| *Defendants* | : | |

**DEFENDANTS OHIO ELECTIONS COMMISSION MEMBERS' AND STAFF ATTORNEY'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS THE AMENDED COMPLAINT OF PLAINTIFF SUSAN B. ANTHONY LIST ON THRESHOLD JURISDICTIONAL ISSUES**

Pursuant to the Court's March 14, 2011 Order granting an extension of time for Defendants Ohio Elections Commission members and staff attorney (the "Commission") until April 12, 2011, to respond to the motion for summary judgment filed by Plaintiff Susan B. Anthony List ("SBA List"), the Commission hereby files this reply brief addressing the threshold jurisdictional issues raised in its motion to dismiss, as well as its assertions relating to the pleading sufficiency of Count V in SBA List's Amended Complaint. The Commission respectfully reserves the right to address the constitutional arguments raised in SBA List's motion for summary judgment (Doc. 33) – and incorporated by reference in SBA List's response to the Commission's motion to dismiss (Doc. 32) – in its response to SBA List's motion for summary judgment.

1

**I.    The SBA List's Claims Are Not Ripe For Review.**

**A.    SBA List is not under any imminent threat of enforcement.**

In the First Amendment context, the Court's ripeness inquiry focuses most on "how imminent the threat of prosecution is and whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute." *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002). SBA List asserts that its claim is ripe for review because it is under a "reasonable threat of prosecution" based on the Commission's previous "probable cause" determination in 2010 – although the matter was later dropped by agreement of the parties. Resp. at 3-4. A failure of ripeness arises most clearly, however, "when litigants seek to enjoin the enforcement of statutes, regulations, or policies that have not yet been enforced against them." *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003). Ohio's false statement statute has not been enforced against SBA List, and SBA List is not under any threat of future enforcement. The Commission's former probable cause decision cannot equate to actual enforcement.

A three-member probable cause panel of the Commission reviews the pleadings and the sufficiency of a complaint to determine whether "probable cause exists for the full commission to determine whether a violation of Ohio election law has occurred." Ohio Admin. Code 3517-1-11(A). If the panel recommends a hearing – which occurred in Rep. Driehaus' complaints against SBA List – the case goes before the full seven-member Commission. The standards of proof required to find probable cause are much different than to find an actual violation of Ohio law. The three-member probable cause panel is merely a threshold determination. Ohio courts have explained that in this preliminary review stage, the Commission "is acting in an executive rather than adjudicative function." *State of Ohio ex rel. Common Cause v. Ohio Elections Commission*, 806 N.E. 2d 1054, 1059 (Ohio Ct. App. 2004). In contrast, to find a violation of Ohio law, the Commission acts in its adjudicatory capacity. In false statement cases, the full

2

Commission, after a hearing and presentation of evidence, must determine ***by clear and convincing evidence*** that the respondent in the action disseminated a false statement "either knowing the same to be false or with reckless disregard of whether it was false or not" and "knowingly and with intent to affect the outcome of [a] campaign." R.C. 3517.21(B); 3517.155(D)(1).

The Commission's probable cause determination is most similar to an agency's "reason to believe" finding, which courts have uniformly held are not ripe for judicial review. For example, in *FTC v. Standard Oil Co.*, the Supreme Court held that the FTC's issuance of a complaint, which alleged "reason to believe" a violation of the Federal Trade Commission Act had occurred, was not ripe for review because it "was not a definitive statement of position. It represent[ed] a threshold determination that further inquiry is warranted and that a complaint should initiate proceedings." 449 U.S. 232, 241 (1980); *see also id.* at 241-42 ("[T]he averment of reason to believe is a prerequisite to a definitive agency position on the question whether [the plaintiff] violated the Act, but itself is a determination only that adjudicatory proceedings will commence."). Because the Commission's probable cause decision is "executive" in nature, it is no different than an agency's "reason to believe" determination and should not be treated as "actual enforcement" of Ohio law. That is, a probable cause decision serves only to initiate proceedings and it has no further legal force. In this case, the probable cause decision did not enjoin any of SBA List's speech. Most importantly, with respect to this point, there is no threat of enforcement against SBA List here because the matter has been dropped and dismissed at the agreement of the parties. There is no action pending with the Commission against the SBA List.

SBA List next argues that it is under a threat of enforcement because the SBA List believes that under R.C. 2305.19(A), Rep. Driehaus has one year in which he could "refile" his

3

claim with the Commission. Resp. at 3. R.C. 2305.19(A), however, is a savings statute that authorizes a party to refile an original action in a common pleas court within one year of a dismissal. The statute does not address refiling in administrative agencies, and Ohio courts have held that the statue does not apply to administrative appeals from an agency to a common pleas court. *Woodward v. Ohio Dept. of Mental Retardation & Dev. Disabilities*, Franklin App., 826 N.E.2d 891, 894 (Ohio Ct. App. 2005) (finding that R.C. 2305.19 "does not apply to administrative appeals which are more akin to an appeal and not procedurally initiated by the filing of a complaint in common pleas court"); *Campell v. Valley Homes Mut.*, 2007 Ohio App. LEXIS 1361 (Ohio Ct. App. 2007) (same). The SBA List's reading of the statute (against its own stated interest) demonstrates, again, the woeful lack of justiciability in its position.

In this case, the parties to the underlying Commission proceeding first jointly postponed the hearing and then ***voluntarily agreed to dismissal of Rep. Driehaus' Commission complaint***. The Commission was never given the opportunity to determine whether Ohio law applied to SBA List's advertisement. Because there has not been any "concrete application of state law," SBA List has not presented any issue ripe for review. *See, e.g.*, *Brown v. Hotel & Restaurant Employees & Bartenders Int'l Union Local 54*, 468 U.S. 491, 512 (1984) ("Because the Commission never imposed this sanction on Local 54, we are presented with no concrete application of state law. The issue is hence not ripe for review . . . ."). Moreover, as explained in the Commission's motion to dismiss, it is not clear whether SBA List's statements would actually violate Ohio law, and the Commission's previous probable cause decision did not determine this issue.

### B. The Sixth Circuit's *Briggs v. Ohio Elections Commission* decision does not support subject matter jurisdiction in this case.

SBA List bears the burden of proving the existence of subject matter jurisdiction. *Bowers v. Wynne* 615 F.3d 455, 457 (6th Cir. 2010). SBA List's primary case supporting its theory of federal jurisdiction, *Briggs v. Ohio Elections Commission*, 61 F.3d 487 (6th Cir. 1995), is not only factually distinguishable but also supports dismissal under the circumstances here.

In *Briggs*, the plaintiff was a candidate against whom the Commission previously enforced Ohio's false statement law by finding a state law violation. Specifically, the Commission determined that Briggs was "guilty" of violating the false statement law based on a statement on one of Briggs' campaign billboards, but the Commission did not refer her to prosecution. *Id.* at 490. Instead, the Commission informed Briggs that in the event a complaint is ever filed against her in the future for a similar violation, the Commission would "take into consideration the prior violation." *Id.* at 490. Briggs's violation became "part of her record" with the Commission, which the Commission "shall" consider if another complainant was filed against her. *Id.* at 491. Briggs subsequently filed a federal lawsuit challenging the constitutionality of Ohio's false statement law and alleging that she planned to run for state office in the future using the same political advertisement. *Id.* at 491.

The Sixth Circuit determined that Briggs's federal action was ripe for review and that Briggs had standing. In the ripeness analysis, the court explained: "Briggs was threatened with prosecution ***in that the Commission found that she violated*** [Ohio's false statement law]." *Id.* at 493 (emphasis added). Because the Commission actually enforced and applied Ohio's false statement statute to Briggs's billboard and also because the Commission held that Briggs's violation would be held against her in any subsequent proceeding, the federal court had before it a "well-developed record sufficient to present the constitutional issues in a clean-cut and

concrete form." *Id.* (quoting *Renne v. Geary*, 501 U.S. 312, 322 (1991)) (quotations omitted). Thus, "the Commission's interpretation of Ohio law" hung over Briggs and created a sufficiently ripe controversy. *Id.* In the court's standing analysis, the Sixth Circuit held that, although abstract injury is not enough to establish standing, "the Commission's promise to consider Briggs's violation . . . poses a cognizable threat of injury." *Id.* at 492. Thus, the "Commission's policy of using its findings to evaluate future complaints" pushed the abstract injury to an injury-in-fact. *Id.*

Neither of the two prongs in *Briggs* upon which the Sixth Circuit hung its justiciability determination is present here. First, the Commission has not determined that SBA List's previous billboard violated Ohio law. Second, the Commission has not determined to use any such (nonexistent) finding against SBA List in the future. As opposed to the situation in *Briggs*, what we have here is a clean slate with no determination of a violation and no decree of adverse consequences for future activity. Because there has not been a Commission hearing or determination, the evidence before this Court is not "well-developed," and this case does not approach the "clear-cut and concrete" record as presented in *Briggs*.

In fact, this case most resembles the case that the Sixth Circuit contrasted in footnote four of the *Briggs* decision. The court explained that the facts before it differed significantly from a similar case in California, *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561 (9th Cir. 1990), where a plaintiff challenged, in federal court, a state regulation relating to the admission of evidence in state disciplinary proceedings. Because the California plaintiff "had not been the subject of such a hearing," the Sixth Circuit explained that, unlike Briggs, the plaintiff did not have an "injury in fact" and, therefore, lacked standing. *Briggs*, 61 F.3d at 493 at n.5.

Finally, SBA List claims that if the Court accepts the Commission's justiciability arguments, "a federal court could never review" a lawsuit challenging the Commission's statutes and that the Commission has rendered the statutes "unchallengable." Resp. at 5. However, a review of *Briggs* – the only case cited to supports SBA List's position – and the other leading federal case, *Pestrak v. Ohio Elections Commission*, 926 F.2d 573 (6th Cir. 1991), demonstrates the facts necessary for Article III jurisdiction to challenge a state statute in federal court. A person or group may invoke the jurisdiction of the federal courts, as long as it meets the mandatory "case" or "controvery" requirements of Article III. The statute is not unchallengable. Here, where the SBA List and Driehaus both agreed to termination of the Commission proceeding before the Commission reached any determination on the merits (and with no enforcement action pending at any stage), a case or controversy does not exist.

C. **Principles of federalism counsel against invoking jurisdiction.**

The SBA List's premature claim tramples on the principles of federalism by requiring this Court to determine how an Ohio administrative agency would interpret state law – in the absence of an agency merits hearing and final determination (and indeed, absent even a live complaint pending before an agency).

Ripeness is an Article III doctrine designed, *inter alia*, to give "comity to state institutions." Wright, Miller & Cooper *Federal Practice and Procedure*, § 3532.1 at 375 (3d ed. 2008); *US WEST Communs., Inc. v. MFS Intelenet, Inc.*, 193 F.3d 1112, 1118 (9th Cir. 1999) ("Principles of federalism" lend the ripeness doctrine "additional force when a federal court is reviewing a state agency decision at an interim stage in an evolving process."). In Ohio, the General Assembly has given the Commission exclusive original jurisdiction over enforcement and application of Ohio's false statement statute. R.C. 3517.151(A); R.C. 3517.153; *State ex rel Ohio Democratic Party v. Blackwell*, 885 N.E.2d 1188, 1198 (Ohio 2006) ("Because the General

7

Assembly has vested exclusive original jurisdiction over complaints concerning acts or failure to act under [Ohio's campaign finance laws] with the Ohio Elections Commission, courts lack jurisdiction to consider claims alleging such acts or failures to act, regardless of whether actions in declaratory judgment or injunction or mandamus.").

Through its federal complaint, SBA List requests this Court to determine whether SBA List's statements about former Rep. Driehaus in 2010 and hypothetical "similar" statements in the future against other unidentified individuals would violate Ohio's false statement statute – before the state agency with exclusive original jurisdiction over such state law claims has had the opportunity to adjudicate the issue. Essentially, SBA List requests this Court to strike all application of a state law as unconstitutional, even though the state statute, on its face, only applies to false speech and the conduct at issue may not actually violate the statute. Under these circumstances, judicial review of SBA List's complaint would violate the principles of federalism. This scenario illustrates another reason why courts decline to address issues that are not ripe: "to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

## II. SBA List Lacks Standing.

A plaintiff must plead the components of standing with specificity. *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007). SBA List claims that its injury is: (1) "chilled speech" that is traceable to "the Commission's probable cause finding, coupled with consequent discovery," which apparently "forced" SBA List to spend its money on litigation rather than on other speech during the 2010 election season; and (2) the possible threat of future, groundless elections complaints against SBA List by Rep. Driehaus or others. Resp. at 6-7. SBA List has not demonstrated the elements of constitutional standing.

First, SBA List's allegation of chill is not a sufficient injury-in-fact. To have an injury-in-fact, "a litigant alleging chill must still establish that a concrete harm – i.e., *enforcement* of a challenged statute occurred or is imminent." *Morrison v. Bd. of Educ.*, 521 F.3d 602, 610 (6th Cir. 2008). Ohio's false statement statute has never been *enforced* against SBA List, and the Commission's probable cause decision does not equate with enforcement. Because enforcement of the statute has not occurred and is not imminent, SBA List has not suffered a concrete harm. In addition, SBA List failed to cite any supporting authority for its assertion that simply being subject to discovery under the Ohio Rules of Civil Procedure is a sufficient injury-in-fact, and, again, SBA List has the burden to demonstrate jurisdiction.

Moreover, the mere existence of Ohio's false statement statute cannot be said to chill SBA List's First Amendment-protected speech. The statute, on its face, applies only to false statements made with actual malice. *Pestrak*, 926 F.2d at 577. The U.S. Supreme Court has held that calculated falsehoods are not protected by the First Amendment as other speech is. *See, e.g.*, *Brown v. Hartlage*, 456 U.S. 45, 60 (1982) ("Demonstrable falsehoods are not protected by the First Amendment in the same manner as truthful statements."); *Garrison v. Louisiana*, 379 U.S. 64, 75 (1964) ("[T]he knowingly false statement and the false statement made with reckless disregard of the truth, do not enjoy constitutional protection."). Because SBA List claims its speech is true, the existence of the statute cannot chill its speech. Finally, the allegations in its amended complaint and in the evidence in the record demonstrate that SBA List has not been enjoined from speaking its message. As the Sixth Circuit stated, SBA List's speech was "robust" on the issues relating to Rep. Driehaus and federal health care litigation during the 2010 election. Sixth Cir. Op., *Susan B. Anthony List v. Driehaus*, No. 10-4320, at 4.

Second, the threat of a groundless future elections complaint against SBA List cannot demonstrate injury-in-fact. SBA List claims that its intended statements do not violate Ohio's false statement statute. Am. Complt. at Ex. 5. Assuming the truth of SBA Lists' allegations, SBA Lists' alleged injury amounts to a claim that *if* it makes a similar statement in the future, Rep. Driehaus or some other unidentified candidate *might* bring an elections complaint against SBA List, and the Commission *might* misconstrue Ohio's false statement statute by enforcing it against SBA List. This claim bears similarity to the allegations presented in *White v. United States*, 601 F.3d 545 (6th Cir. 2010), where the chain of events necessary for the plaintiffs to suffer false prosecution veered "into the area of speculation and conjecture." 601 F.3d at 553 (quoting *O'Shea v. Littleton*, 414 U.S. 488 (1974)). In the Sixth Circuit's words:

> the plaintiffs' pleading as to the scenario of events that must unfold to injure them – their allegations that they *might* incur injury in the future *if* the law is not properly followed and *if* their intentions are misconstrued – is simply too . . . highly conjectural to present a threat of immediate injury, as the allegations rest on a string of actions the occurrence of which is merely speculative.

*Id.* at 554 (quoting *White v. United States*, 2009 U.S. Dist. LEXIS 5016, at *4 (S.D. Ohio Jan. 26, 2009). The same is true here. The potential for false prosecution here does not present an injury-in-fact. *See also Glenn v. Holder*, 2010 U.S. Dist. LEXIS 92549, at *37 (E.D. Mich. Sept. 7, 2010) (dismissing First Amendment challenge to federal Hate Crimes Act on standing grounds because the plaintiffs did "not allege that they have violated the Hate Crimes Act in the past, nor that they intend to violate it in the future").

Thus, SBA List offers no showing of imminent or actual harm beyond its self-imposed "chill." The Court is left only with SBA List's scenario of possible events that may, someday, result in a possible injury. SBA List lacks standing.

**III. SBA List's Claims Are Moot.**

To the extent SBA List's amended complaint rests on the allegations relating to Rep. Driehaus's 2010 Commission complaint, SBA List's claims are moot. SBA List invokes the "capable of repetition, yet evading review" exception. Resp. at 8-9. This exception, however, applies only in "exceptional situations." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998). It applies where (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again. *United States v. Smart*, 2010 U.S. App. LEXIS 23581, 11-12 (6th Cir. 2010) (internal quotations and citations omitted). The exception does not apply here.

First, SBA List claims that any future Commission complaint by Rep. Driehaus against SBA List may "evade review" because Commission proceedings are "too short to be fully litigated prior to cessation or expiration." Resp. at 9. However, the parties to the Rep. Driehaus's Commission proceeding jointly postponed their hearing until after the November 2010 election and then SBA List consented to dismissal of Rep. Driehaus's complaint. SBA List could have avoided mooting this case. Even if SBA List could show that Rep. Driehaus is likely to bring a Commission complaint against it, that future dispute may not evade review. Parties to Commission proceedings routinely appeal false statement decisions through the courts of Ohio, where courts review the Commission's decision on the legal merits and address any constitutional defenses.[1] In addition, as *Briggs* demonstrates, parties may challenge the Commission's statutes in federal court as long as there is Article III jurisdiction. Because the parties here voluntarily agreed to dismiss Rep. Driehaus's complaint without allowing the

---

[1] *See, e.g.*, *Ohio Democratic Party v. Ohio Elections Commission*, 2008 Ohio App. LEXIS 3553 (Ohio Ct. App. 2008); *Comm. to Elect Straus Pros. v. Ohio Elections Commission*, 2007 Ohio App. LEXIS 4797 (Ohio Ct. App. 2007); *SEIU 1119 v. Ohio Elections Commission*, 822 N.E.2d 424 (Ohio Ct. App. 2004); *Flannery v. Ohio Elections Commission*, 804 N.E.2d 1032 (Ohio Ct. App. 2004).

Commission process to move forward, SBA List cannot credibly claim that a future Commission complaint will again "evade review."

Second, as explained above, SBA List has not demonstrated that there is a reasonable expectation that it will be subject to a future Commission complaint based on its previous statement about Rep. Driehaus. For these reasons, SBA List has not demonstrated that its claims are capable of repetition, yet evading review.

## IV. SBA List's Challenge To Ohio's Disclaimer Statute Is Not Justiciable.

Count VII of SBA List's amended complaint requests a declaration that Ohio's disclaimer statute, R.C. 3517.20, is preempted by federal law as it relates to candidates for federal elections. Am. Compl. (Doc. 26) at ¶¶ 88-93. As explained in the Commission's motion to dismiss, there is no "case" or "controversy" over this claim because there is no dispute about this proposition of law. Ohio's disclaimer statute was not enforced against SBA List because the statute is preempted by federal law for political publications relating to federal candidates.

In its response brief, SBA List first asserts that it has alleged a "live" controversy because R.C. 3517.20 does not expressly exempt federal candidates from its language. Thus, according to SBA List, and of a piece with its other arguments, it is under threat of enforcement by the Commission. Once again, however, SBA List cannot create a dispute where none exists. Every state law that may be preempted in some applications by federal law is not required to expressly list the applications that are preempted by federal law. In this case, Ohio's statute is preempted by operation of 2 U.S.C. § 431 and the Supremacy Clause in the U.S. Constitution. There is no actual dispute here between the parties.

Second, SBA List states that the Commission "would consider applying the disclaimer requirement in a federal context" and points to one Commission member's vote to apply Ohio's disclaimer statute to SBA List's ad during the probable cause panel for Rep. Driehaus's

Commission complaint. Resp. at 11. The belief of one Commission member at a probable cause panel in a matter that did not even reach a merits determination by the Commission should not demonstrate a live dispute.

## V.   SBA List Has Failed To Plead A Plausible Claim Regarding R.C. 3517.21(B)(9) & (10)'s "investigative procedures."

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, in its motion to dismiss, the Commission asserted that Count V of SBA List's amended complaint fails to set forth a plausible claim because Ohio's false statement statute does not include "investigatory procedures" and it does not "compel disclosure" of political associations in violation of the First Amendment. *See, e.g.*, Am. Compl. ¶¶ 59-63.

In response, SBA List argues that its claim is not improperly pled because complaints for violation of R.C. 3517.21(B) "trigger investigations" that can "compel disclosure of a party's past expressions and associations." Resp. at 12. Judging from its response brief, it appears that SBA List may be challenging the authority of the Commission under R.C. 3517.155(B) to hire an investigator after a complaint is filed. Again, however, SBA List lacks standing to challenge any such purely hypothetical application of a statute.

In the alternative, SBA List may be challenging a party's ability to engage in discovery authorized by the Ohio Administrative Code and in accordance with the Ohio Rules of Civil Procedure. *See, e.g.*, O.A.C. 3517-1-09; O.A.C. 3517-1-11. However, the ability of parties to a Commission proceeding to engage in discovery is not an "investigation" by the Commission that amounts to "government interference." Resp. at 12. Similarly, neither the Commission's ability to hire an investigator nor a party's ability to engage in discovery "compel" the disclosure First

13

Amendment protected information. Further, the Commission's investigatory function or discovery rules are not regulated or created by Ohio's false statement statute. If SBA List is challenging the Commission's investigatory authority under R.C. 3517.155 or the Commission's administrative rules, it has failed to advance any claim that those provisions are facially invalid.

The Commission should not be required to speculate which provisions SBA List is challenging in its amended complaint. Federal Rule of Civil Procedure 8(a) requires that the complaint give the defendant fair notice of the nature of the claim and the factual grounds upon which it rests. *Twombly*, 550 U.S. at 555. SBA List has not placed the Commission on fair notice of the nature of this claim. It is entirely unclear what relief SBA List is seeking and, therefore, under *Twombly*, it has not alleged a plausible claim.

## VI. SBA List's Claims Against the Commission's Staff Attorney Should Be Dismissed.

SBA List fails to cite any authority for the position that this court has jurisdiction to hear suit against a state employee who (1) is not a member of the Commission; and (2) does nothing more than make recommendations to the Commission (which, as SBA List recognizes in its Response brief, are not always followed by the Commission members).

## VII. Conclusion

As the Supreme Court held in *Renne v. Geary*, 501 U.S. 312, 324 (1991), "Rules of justiciability serve to make the judicial process a principled one. Were we to depart from those rules, our disposition of the case would lack the clarity and force which ought to inform the exercise of judicial authority." Under the facts alleged in the amended complaint, this case is not justiciable.

Respectfully submitted,

MICHAEL DEWINE (0009181)
OHIO ATTORNEY GENERAL

s/ *Erick D. Gale*
ERICK D. GALE (0075723)
MICHAEL J. SCHULER (0082390)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus OH  43215
T: (614) 466-2872; F: (614) 728-7592
erick.gale@ohioattorneygeneral.gov
michael.schuler@ohioattorneygeneral.gov

*Counsel for Ohio Elections Commission Members and its Staff Attorney*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 14, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the parties listed below by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*s/ Erick D. Gale*
ERICK D. GALE (0075723)
Assistant Attorney General