# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

SUSAN B. ANTHONY LIST, *et al.*,

      Plaintiffs,

vs.

REP. STEVE DRIEHAUS, *et al.*,

      Defendants.

Consolidated Case No. 1:10-cv-720

Judge Timothy S. Black

## ORDER:
### (1) GRANTING DEFENDANT OHIO ELECTION COMMISSION AND ITS MEMBERS' MOTION TO DISMISS SUSAN B. ANTHONY LIST'S AMENDED COMPLAINT (Doc. 29); (2) GRANTING DEFENDANT DRIEHAUS'S MOTION TO DISMISS (Doc. 31); (3) GRANTING DEFENDANT JON HUSTED'S MOTION TO DISMISS (Doc. 49); AND (4) DENYING PLAINTIFF SBA LIST'S MOTION FOR SUMMARY JUDGMENT (Doc. 33)

This civil action is currently before the Court on several pending motions:

(1) Defendant Ohio Election Commission and its Members'[1] motion to dismiss Susan B.
Anthony List's amended complaint (Doc. 29), and the parties' responsive memoranda
(Docs. 32, 46); (2) Defendant Driehaus's motion to dismiss (Doc. 31) and Plaintiff SBA
List's responsive memorandum (Doc. 32); (3) Plaintiff SBA List's motion for summary
judgment (Doc. 33) and the parties' responsive memoranda (Docs. 50, 52, 59); and
(4) Defendant Jon Husted's motion to dismiss (Doc. 49), and the parties' responsive
memoranda (Docs. 52, 56, 61, 62).[2]  The Court heard oral argument on July 12, 2012.

---

[1]  Ohio Elections Commission Defendants include Charles Calvery, John R. Mroczkowkai,
Degee Wilhelm, Jayme P. Smoot, Bryan Felmet, Harvey Shapiro, Larry L Wolpert, and its Staff
Attorney, Philip Tichter, collectively the "Commission."

[2]  A comprehensive factual background is available at Doc. 64.

## I.   STANDARD OF REVIEW

Defendants move for dismissal of this action under Rules 12(b)(1), 12(b)(6), and 12(c)[3] of the Federal Rules of Civil Procedure, claiming that SBA List lacks standing.  A motion to dismiss for lack of standing is properly analyzed under Rule 12(b)(1), since "standing is thought of as a 'jurisdictional' matter, and a plaintiff's lack of standing is said to deprive a court of jurisdiction." *Ward v. Alt. Health Delivery Sys.*, 261 F.3d 624, 626 (6th Cir. 2001).  "For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Am. Canoe Ass'n v. City of Louisa Water & Sewer Comm'n*, 389 F.3d 536, 540 (6th Cir. 2004) (citing *Kardules v. City of Columbus*, 95 F.3d 1335, 1346 (6th Cir. 1996)).

The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1).  *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986).  A facial attack, as in this case, challenges the sufficiency of the pleading itself.  Where the Rule 12(b)(1) motion presents a facial attack, the Court accepts the material allegations in the complaint as true and construes them in the light most favorable to the nonmoving party, similar to the standard for a Rule 12(b)(6) motion.  *Scheuer v. Rhodes*, 416 U.S. 232, 235-37 (1974).

---

[3] "The standard of review for a Rule 12(c) motion is the same as for a motion under Rule 12(b)(6) for failure to state a claim upon which relief can be granted." *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001).

## II.   ANALYSIS

### A.   The Commission

#### 1.   Ripeness

Under the Constitution, federal court jurisdiction is limited to cases and controversies. U.S. Const. Art. III, § 2; *In re Cassim*, 594 F.3d 432, 437 (6th Cir. 2010). Accordingly, "[t]he ripeness doctrine has developed 'to ensure that courts decide only existing, substantial controversies.'" *Cassim*, 594 F.3d at 437 (quoting *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cnty.*, 274 F.3d 377, 399 (6th Cir. 2001)). Nevertheless, "the ripeness doctrine arises 'both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *Id.* (quoting *Reno v. Catholic Soc. Servs.*, 509 U.S. 43, 57 n.18 (1993)). Accordingly, "'[t]he ripeness doctrine not only depends on the finding of a case and controversy and hence jurisdiction under Article III, but it also requires that the court exercise its discretion to determine if judicial resolution would be desirable under all of the circumstances.'" *Id.* at 437-38 (quoting *Brown v. Ferro Corp.*, 763 F.2d 798, 801 (6th Cir. 1985)).

"If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Michigan Dep't of Natural Res.*, 970 F.2d 154, 157 (6th Cir. 1992). "Ripeness is peculiarly a question of timing. Its basic rationale is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreement." *Thomas v. Union Carbide Agr. Products Co.* 473 U.S. 568, 580

(1985). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). The ripeness inquiry turns on "'the fitness of the issues for judicial decision' and 'the hardship to the parties of withholding court consideration.'" *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 201 (1983).

In determining whether a case is ripe, the Court looks to: "(1) the likelihood that the harm alleged by the plaintiffs will ever come to pass; (2) whether the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims; and (3) the hardship to the parties if judicial relief is denied at this stage in the proceedings." *Insomnia, Inc. v. City of Memphis, Tenn.*, 278 Fed.Appx. 609, 612 (6th Cir. 2008). The first factor indicates that "'[r]ipeness while often spoken of as a justiciability doctrine distinct from standing, in fact shares the constitutional requirement of standing that an injury in fact be certainly impending.'" *Casden v. Burns*, 306 Fed. Appx. 966, 971 (6th Cir. 2009) (quoting *Nat'l Treasury Emp. Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996)). The second and third factors, however, "reflect the 'prudential aspect of ripeness.'" *Id.* at 972 (quoting *Nat'l Treasury Emp. Union*, 101 F.3d at 1427-28).

### a. *Likelihood of harm*[4]

SBA List claims that it has been injured as a result of the Commission's and Mr. Driehaus's actions to enforce the challenged statutes. (Doc. 17 at ¶¶ 25-27). Specifically, SBA List's intended speech, the billboard, was never erected. (*Id*. at ¶ 14). SBA List maintains that if the allegedly false and malicious billboard was sufficiently noncompliant for a finding of probable cause,[5] SBA List intends to engage in substantially similar activity in the future and has no reason to believe that it will survive another probable cause hearing. (*Id*. at ¶ 12). Specifically, SBA List claims that "there is no reason to think that the Commission would not [enforce the statute] again if Mr. Driehaus resumed his claims against the SBA List, or if the SBA List again mentions a candidate in future lobbying efforts in Ohio."

---

[4] While this Court acknowledges that the three factor test to determine whether a claim is ripe is "somewhat relaxed" in First Amendment cases, the inquiry specifically focuses on "how imminent the threat of prosecution is and whether the plaintiff has sufficiently alleged an intention to refuse to comply with the statute." *Norton v. Ashcroft*, 298 F.3d 547, 554 (6th Cir. 2002).

[5] The Commission's probable cause determination is most similar to an agency's "reason to believe" finding, which courts have held are not ripe for judicial review. For example, in *FTC v. Standard Oil Co.*, the Supreme Court held that the FTC's issuance of a complaint which alleged a "reason to believe" a violation of the Federal Trade Commission Act had occurred, was not ripe for review because it "was not a definitive statement of position. It represent[ed] a threshold determination that further inquiry is warranted and that a complaint should initiate proceedings." 449 U.S. 232, 241 (1980). Therefore, like a "reason to believe" finding, a "probable cause" finding is not "actual enforcement" of Ohio law. The Commission's 2010 probable cause determination cannot signify imminent threat of enforcement. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

-5-

(Doc. 32 at 4).[6]

SBA List argues that it is under a threat of enforcement because Mr. Driehaus has one year to re-file his claim with the Commission. However, Ohio Rev. Code § 2305.19(A) authorizes a party to re-file an original action in a *common pleas court* within one year of a dismissal. The statute does not address refiling in administrative agencies, and Ohio courts have held that the statute does not apply to administrative appeals from an agency to a common pleas court. *Woodward v. Ohio Rept. of Mental Retardation & Dev. Disabilities*, 826 N.E.2d 891, 894 (Ohio Ct. App. 2005) (finding that Ohio Rev. Code § 2305.19 "does not apply to administrative appeals which are more akin to an appeal and not procedurally initiated by the filing of a complaint in common pleas court").

Moreover, here the parties to the underlying Commission proceeding first jointly postponed the hearing and then voluntarily agreed to dismissal – and thus the

---

[6] The allegations before this court concerning harm are almost identical to the allegations that were before the court in *All Children Matter, Inc. v. Brunner*, No. 2:08cv1036, 2011 U.S. Dist. LEXIS 13866 (S.D. Ohio Feb. 11, 2011). In that case, the plaintiffs sought to have various sections of Ohio's campaign finance law declared unconstitutional. Plaintiffs alleged that they thought some hypothetical communications they intended to issue in the future would not be subject to Ohio's disclaimer requirement and that Ohio might try to enforce those requirements against them, so their speech was being chilled. *Id.* at 3-7. The court found that the mere allegation of possible chill was insufficient to establish standing. *Id.* at 7-22.

Here, there is no evidence of any imminent threat of enforcement of Ohio's false statement or disclaimer statutes against SBA List. Whether the Commission, Mr. Driehaus, or the Secretary of State may at some future point seek to enforce Ohio's false statement or disclaimer statutes against SBA List on the basis of some future statement is contingent on a number of uncertain events and, accordingly, SBA List is not under a credible threat of enforcement of Ohio's statutes.

-6-

Commission was never given the opportunity to determine whether Ohio law applied to SBA List's advertisement. Therefore, because there has not been any "concrete application of state law," SBA List has not presented any issue ripe for review. *See, e.g., Brown v. Hotel & Restaurant Emp. & Bartenders Int'l Union Local 54*, 468 U.S. 491 (1984) ("Because the Commission never imposed this sanction on Local 54, we are presented with no concrete application of state law. The issue is hence not ripe for review.").[7]

SBA List's primary case supporting its theory of federal jurisdiction is *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995). In *Briggs*, the plaintiff was a candidate against whom the Commission previously enforced Ohio's false statement law by finding a state law violation. Specifically, the Commission determined that Briggs was "guilty" of violating the false statement law based on a statement on one of Briggs' campaign billboards, but the Commission did not refer her to prosecution. *Id.* at 490. Instead, the Commission informed Briggs that in the event a complaint is ever filed against her in the future for a similar violation, the Commission would "take into consideration the prior violation." *Id.* at 490. Briggs subsequently filed a federal lawsuit challenging the constitutionality of Ohio's false statement law and alleging that she planed to run for state office in the future using the same political advertisement. *Id.* at 491.

---

[7] A failure of ripeness arises most clearly "when litigants seek to enjoin the enforcement of statutes, regulations, or policies that have not yet been enforced against them." *Ammex, Inc. v. Cox*, 351 F.3d 697, 706 (6th Cir. 2003).

-7-

The Sixth Circuit determined that Briggs's federal action was ripe for review and that Briggs had standing.  In its analysis, the court explained that "Briggs was threatened with prosecution *in that the Commission found that she violated* [Ohio's false statement law]." *Id.* at 493 (emphasis added).  Because the Commission actually enforced and applied Ohio's false statement statute to Briggs's billboard, and held that Briggs's violation would be held against her in any subsequent proceeding, the federal court had before it a "well-developed record sufficient to present the constitutional issues in a clean-cut and concrete form." *Id. (quoting Renne v. Geary*, 501 U.S. 312, 322 (1991)).[8]

The specific facts in *Briggs* that resulted in justiciability are not present in the instant case.  The Commission has not determined that SBA List's previous billboard violated Ohio law, or that it will use any such (nonexistent) finding against SBA List in the future.  There is no "well-developed" evidence before this Court as there was in *Briggs*.[9]  Despite SBA List's argument that the Commission has rendered the statutes "unchallengeable," upon review of *Briggs* (the only case cited to support its position), Plaintiff simply has not alleged the facts necessary to establish jurisdiction.

---

[8]  In the court's standing analysis, the Sixth Circuit held that although abstract injury is not enough to establish standing, "the Commission's promise to consider Briggs's violation . . . poses a cognizable threat of injury." *Id.* at 492.  Thus, the "commission's policy of using its findings to evaluate future complaints" pushed the abstract injury to an injury-in-fact. *Id.*

[9]  In fact, the *Briggs* decision cites a distinguishing case, where a plaintiff challenged a state regulation in federal court relating to the admission of evidence in a state disciplinary proceeding, and because the plaintiff "had not been the subject of such a hearing" the plaintiff did not have an "injury in fact" and lacked standing. *Rosenthal v. Justices of the Supreme Court of California*, 910 F.2d 561, 565 (9th Cir. 1990) (citing *Briggs*, 61 F.3d at 493 at n.5).

The statutes are not unchallengeable – SBA List agreed to terminate the Commission proceeding, and therefore declined to challenge the statutes before the Commission had reached any determination on the merits. Without enforcement action pending at any stage, a case or controversy does not exist.

### b.  Whether the factual record is sufficiently developed

Whether and when some potential candidate will file a complaint against SBA List and whether the Commission would ultimately decide if SBA List's political publication actually violated Ohio's laws requires this Court to speculate – which the ripeness doctrine was designed to prevent. Moreover, the Sixth Circuit recently observed that "[p]remature adjudication of legal questions compels courts to resolve matters, even constitutional matters, that may with time be satisfactorily resolved at the local level and may turn out differently in different settings." *Miles Christi Religious Order v. Twp. of Fransisco Contegrand*, No. 90-1618, 2010 U.S. App. LEXIS 25908, at *8 (6th Cir. Dec. 21, 2010).

Accordingly, the current factual record is not sufficiently developed such that this Court could make conclusions regarding the likelihood that Ohio's false statement laws might apply to some nonexistent SBA List speech.

### c.  Hardship to the parties

The final element considered under ripeness is hardship to the parties in deferring consideration by the courts. *Abbott Labs v. Gardner*, 387 U.S. 136, 149 (1967). SBA

-9-

List claims that under the Commission's standard, the only credible way to address the constitutionality of the challenged statutes would be as an affirmative defense during a proceeding before the Commission. (Doc. 31 at 8-9). Accordingly, SBA List claims that a federal court could never review it, because abstention could prevent it (as in this case), and when the abstention issues resolve because the proceedings are dismissed, it would be unlikely to occur again.[10] SBA List claims that this would present a hardship because it would give candidates and other interested parties free rein to bring lawsuits to chill speech against candidates and then dismiss those claims after the election with no repercussions and no meaningful remedy.

However, as explained *supra* at Section II.A.1.a, SBA List agreed to a voluntary dismissal of the complaint at the state level. Accordingly, it is not this Court that is imposing a hardship on SBA List – it is SBA List which voluntarily agreed to forego its "meaningful remedy" with the Commission.

SBA List has failed to satisfy the prongs of the ripeness test. Under these circumstances, it is without question that Plaintiff's claims are manifestly unripe, leaving this Court with no subject matter jurisdiction to hear SBA List's legal claims.

---

[10] SBA List claims that the issue meets the capable of repetition yet evading review standard because: (1) Ohio law allows Mr. Driehaus to revive his suit against SBA List, and there is no reason to believe the Commission will refrain from prosecuting violations of the challenged statutes; and (2) its duration is too short to be fully litigated prior to cessation or expiration. *FEC v. Wisconsin Right To Life,* 551 U.S. 449, 462 (2007). Due to the fact that the probable cause hearing was held only days before the general election, it would have been unreasonable to expect that the SBA List could have obtained complete judicial review of its claims in time for it to engage in its speech during that time. *Id.*

### 2.    Standing

Standing is "the threshold question in every federal case." *Warth v. Seldin*, 422

U.S. 490, 498 (1975).  There is a "conspicuous overlap" between the doctrines of standing

and ripeness and the two "often converge[]." *Elend v. Basham*, 471 F.3d 1199, 1205

(11th Cir. 2006).  Nevertheless, they warrant separate analyses.  "To satisfy Article III's

standing requirement, a plaintiff must have suffered some actual or threatened injury due

to the alleged illegal conduct of the defendant; the injury must be 'fairly traceable' to the

challenged action; and there must be a substantial likelihood that the relief requested will

redress or prevent the plaintiff's injury." *Coyne v. American Tobacco Co.*, 183 F.3d 488,

494 (6th Cir. 1999) (citing *Valley Forge Christian Coll. v. Americans United for

Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982)).

In order to satisfy the standing requirements of Article III of the United States

Constitution, SBA List must meet three requirements.  Failure to establish any one of

them deprives a federal court of jurisdiction to hear the suit.  *Lujan v. Defenders of

Wildlife*, 504 U.S. 555, 560 (1992).  First, [the plaintiff] must demonstrate he has suffered

"an 'injury in fact' that is both concrete and particularized and actual or imminent."

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81 (2000)

(citing *Lujan*, 504 U.S. at 560-61).  Second, "the injury must be fairly traceable to the

challenged action of [the defendant]." *Id.*  Finally, [the plaintiff] must show that "it is

likely, as opposed to merely speculative, that the injury will be redressed by a favorable

-11-

decision." *Id.* A plaintiff must plead the components of standing with specificity. *Daubenmire v. City of Columbus*, 507 F.3d 383, 388 (6th Cir. 2007).

"Each element of Article III standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation.' " *United States v. Salti*, 579 F.3d 656, 667 n. 11 (6th Cir. 2009) (citing *Lujan*, 504 U.S. at 561). "At the pleading stage, general factual allegations of injury . . . may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Id.* A Plaintiff who alleges a threat of prosecution that "is not imaginary or wholly speculative" has standing to challenge the statute. *Babbitt v. United Farm Workers Nat'l Union,* 442 U.S. 289, 298 (1979).

SBA List claims that its injury is: (1) "chilled speech" that is traceable to "the Commission's probable cause finding, coupled with consequent discovery," which "forced" SBA List to spend its money on litigation rather than on other speech during the 2010 election season;[11] and (2) the possible threat of future, groundless election complaints against SBA List by Rep. Driehaus or others.

First, SBA List's allegation of chill is not a sufficient injury-in-fact. To have an injury-in-fact, "a litigant alleging chill must still establish that a concrete harm – *i.e.*, enforcement of a challenged statute occurred or is imminent." *Morrison v. Bd. of Educ.*,

---

[11] (Doc. 25 at ¶¶ 14, 35-41).

-12-

521 F.3d 602, 610 (6th Cir. 2008). However, "[w]ith respect to the standing of First

Amendment litigants, the Supreme Court finds that "[a]llegations of a subjective 'chill'

are not an adequate substitute for a claim of specific present objective harm or a threat of

specific future harm." *Id.*, 521 F.3d at 608. Thus, to have standing, a litigant alleging

chill "must still establish that a concrete harm – i.e., enforcement of a challenged-statute -

occurred or is imminent." *Id.* at 610. *See also Am. Library Ass'n v. Barr*, 956 F.2d 1178,

1193 (D.C. Cir. 1992) ("[W]hether plaintiffs have standing . . . depends on how likely it is

that the government will attempt to use these provisions against them . . . and not on how

much the prospect of enforcement worried them."). SBA List cannot demonstrate that

Ohio's statute will be imminently enforced against it and therefore its allegation of chill

fails to substantiate the injury-in-fact.

Second, the threat of a future election complaints against SBA List does not

demonstrate injury-in-fact. Assuming the truth of SBA List's allegations, its alleged

injury amounts to a claim that if it makes a similar statement in the future, Mr. Driehaus

or some other unidentified candidate might bring an election complaint and the

Commission might misconstrue Ohio's false statement statute by enforcing it against

SBA List. There is no evidence of imminent or actual harm, beyond SBA List's self-

imposed "chill."

Accordingly, SBA List had failed to meet the first standing requirement. Failure to

establish any one requirement deprives a court of jurisdiction to hear the suit. *Lujan*, 504

U.S. at 560.

-13-

### 3.  Mootness

The Commission maintains that SBA List's claims are moot because the matter has been dismissed.[12] (Doc. 29 at 15). SBA List claims that this case is subject to the "capable of repetition, yet evading review" exception[13] because: "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *FEC v. Wisconsin Right To Life*, 551 U.S. 449, 462 (2007).

First, SBA List claims that any future Commission complaint by Mr. Driehaus against SBA List may "evade review" because Commission proceedings are "too short to be fully litigated prior to cessation or expiration." However, the parties to the Commission proceeding jointly postponed their hearing until after the November 2010 election and then SBA List consented to the dismissal of the complaint. Accordingly, SBA List took affirmative acts to moot this case. Even if SBA List could show that Mr. Driehaus is likely to bring a Commission complaint against it in the future (which it

---

[12] There is no pending complaint or action against SBA List with the Commission. Although SBA List claims its speech is "chilled," the Sixth Circuit held that "SBA List clearly has not been enjoined from any speech, and all indications are that its speech continues to be robust." *Susan B. Anthony List v. Driehaus*, No. 10-4320 at 4 (2010). On November 12, 2010, Mr. Driehaus filed a motion to withdraw his complaints with the Commission before the Commission ever decided whether the billboard violated Ohio law. (Doc. 25 at ¶ 34). SBA List consented to that withdrawal. (*See* Doc. 20). The motion was granted by the Commission on December 2, 2010, thereby terminating the proceeding and extinguishing the live controversy between the parties.

[13] This exception, however, applies only in "exceptional situations." *Spencer v. Kemna*, 523 U.S. 1, 17 (1998).

-14-

cannot), that dispute may not evade review – as parties to Commission proceedings routinely appeal false statement decisions through the courts of Ohio, where courts review the Commission's decision on the legal merits and address any constitutional defenses.[14]

Therefore, the Court finds that SBA List's claims are moot.

## B.     Mr. Driehaus

### 1.     Ripeness

As explained *supra* at Section II.A.1.a, the claims asserted against Mr. Driehaus are not ripe and therefore must be dismissed.

### 2.     Standing

As explained *supra* at Section II.A.2, SBA List does not have standing and therefore its claims must be dismissed. Additionally, SBA List lacks standing to assert any declaratory relief claim against Mr. Driehaus because he is not the public official or one of the public officials, legally charged with enforcing Ohio Revised Code §§ 3517.21(B)(9) and (10) and 3517.20. *Adult Video Ass'n v. U.S. Dep't of Justice*, 71 F.3d 563, 565-67 (6th Cir. 1995) (to establish standing to assert a declaratory relief claim, a plaintiff must show that enforcement action against it by the defendant is actual or imminent, not conjectural or hypothetical). Moreover, SBA List's claim that Mr.

---

[14] *See, e.g., Ohio Democratic Party v. Ohio Elections Comm'n*, No. 07AP-876, 2008 Ohio App. LEXIS 3553 (Ohio Ct. App. 2008); *Comm. To Elect Straus Pros. v. Ohio Elections Comm'n*, No. 07AP-12, 2007 Ohio App. LEXIS 4797 (Ohio Ct. App. 2007).

Driehaus "may run for Congress again in the future" (Doc. 25 at ¶ 41) does not establish that this suit remains a live controversy and that SBA List had standing to assert claims or that those claims are ripe.[15]

### 3. Mootness[16]

SBA List requests the following injunctive relief against Mr. Driehaus:

> Enjoin Representative Steve Driehaus, his agents and attorneys, from acting under the color of law by issuing subpoenas relating to Rep. Driehaus' claims against the Susan B. Anthony List under Ohio Revised Code Sections 3517.21(B)(9) and (10)."

(Doc. 25 at 16). However, in its amended complaint, SBA List acknowledges that "[o]n November 12, 2010 Rep. Driehaus filed a motion to withdraw his complaints" with the OEC, and that on December 2, 2010, "Rep. Driehaus' motion to withdraw his complaints against the SBA List was granted." (Doc. 25 at ¶ 24). Based on Mr. Driehaus's voluntary withdrawal, the OEC terminated the only proceedings that Mr. Driehaus initiated against SBA List in that forum. (*Id.*) As a result, Mr. Driehaus and his attorneys are already legally unable to do what SBA List seeks to enjoin them from doing – "issuing subpoenas relating to Rep. Driehaus' claims against the Susan B. Anthony List" in the OEC case. Accordingly, SBA List's injunctive claim is moot. *Gottfried v. Med.*

---

[15] It is also important to note that Mr. Driehaus left the United States in June for a two-and-a-half-year assignment as the Peace Corps' director of HIV and AIDS education in the south African nation of Swaziland. (Doc. 50, Ex. 2).

[16] As explained *supra* at Section II.A.3, SBA List's claims are moot.

*Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2022) (case is moot if the issues no longer present a "live" controversy between parties or they "lack a legally cognizable interest in the outcome"). Additionally, because the parties voluntarily agreed to dismiss Mr. Driehaus's complaint, SBA List cannot definitively allege that a future Commission complaint will again "evade review."

### C.     Secretary Husted

#### 1.     Ripeness

First, as explained *supra* at Section II.A.1.a, the claims asserted against Secretary Husted are not ripe and therefore must be dismissed.

#### 2.     Eleventh Amendment

Additionally, Defendant Husted argues that Plaintiffs' claims against the Ohio Secretary of State must be dismissed for lack of jurisdiction under the Eleventh Amendment. The Sixth Circuit has unequivocally stated that the Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments." *Thiokol Corp. v. Dep't of Treas.*, 987 F.2d 376, 381 (6th Cir. 1993). The Secretary of State is a state official sued in his official capacity, which is simply another way of pleading a claim against the State of Ohio. *S&M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008).

The U.S. Supreme Court carved out an exception to Eleventh Amendment immunity for awards of prospective injunctive relief. Federal courts have jurisdiction over suits to enjoin state officials from interfering with federal rights. *Ex parte Young*,

209 U.S. 123, 160-62 (1908). The rule is limited to actions where the relief sought is equitable in nature and prospective in operation. *Edelman v. Jordan,* 415 U.S. 651, 664-68 (1974). Moreover, the *Ex parte Young* jurisdiction does not apply unless the officer sued has "some connection with the enforcement of the act." *Ex parte Young,* 209 U.S. 123, 157 (1908). Courts have repeatedly declined to apply the *Young* exception when the defendant state official is not enforcing or threatening to enforce the allegedly unconstitutional statute. *Kelley v. Metro. Cnty. Bd. of Ed.*, 836 F.2d 986, 990-991 (6th Cir. 1987).

Plaintiffs SBA List and COAST argue that the Eleventh Amendment does not bar their claims against the Secretary because Eleventh Amendment immunity does not prevent suits against state officials acting in their official capacities when plaintiffs request prospective injunctive relief. *Zielasko v. Ohio*, 873 F.2d 957, 959 (6th Cir. 1989). Plaintiffs maintain that because the Secretary of State has enforcement power of the challenged laws, he was properly named. (Doc. 25 at ¶¶ 10, 26). Specifically, Plaintiffs claim that the Secretary of State has the affirmative duty to bring complaints to the Ohio Elections Commission if he has reason to know of a violation under Ohio Revised Code §§ 2517.20 to 3517.22, and that the duty to enforce the law creates a threat "equivalent to any other threatened wrong or injury to the . . . plaintiff." *Ex Parte Young*, 209 U.S. at 157. Plaintiffs claim that because the Secretary is obligated by Ohio law to enforce the challenged statutes, he has the requisite connection required by the exception. *Children's Healthcare is a Legal Duty Inc. v. Deters*, 92 F.3d 1412, 1417-18 (6th Cir. 1996).

-18-

This Court finds that there is no evidence that the former or current Secretary of State have or are currently seeking or threatening to enforce any of the statutes at issue.[17] In order for a district court to have jurisdiction, there must also be a threat by the government official that he is about to commence a proceeding. *Children's Healthcare,* 92 F.3d at 1414. As the Sixth Circuit recognized, "the phrase 'some connection with the enforcement of the act' does not diminish the requirement that the official threaten and be about to commence proceedings." *Id.* at 1415. There is absolutely no evidence that Secretary Husted has in any way threatened to enforce any proceeding against Plaintiff under Ohio Rev. Code § 3517.21(B)(9) and (10). The fact that the Secretary of State has the authority to bring complaints to the Ohio Elections Commission is insufficient to meet this standard.

Accordingly, pursuant to the Eleventh Amendment, this Court does not have jurisdiction over the claims alleged against the Secretary of State. *See, e.g., Sombrowski v. Pfister,* 380 U.S. 479, 483 (1965) (calling *Young* "the fountainhead of federal injunctions against prosecutions" and noting that federal judicial power is properly exercised when state officers "threaten and are about to commence proceedings"); *Western Union Tel. Co. v. Andrews,* 216 U.S. 165, 166 (1910) (holding that *Young*

---

[17] Plaintiffs do not allege that the Secretary of State has ever filed an enforcement action under the relevant statutes. Although Plaintiffs allege that former Secretary of State Brunner filed approximately 764 complaints with the Ohio Elections Commission, they do not allege that any of those complaints were for knowingly making false statements in violation of Ohio law or that the Secretary of State threatened them in anyway.

applies precisely when a statute charges prosecutors with enforcement *and* they threaten

and are about to commence proceedings to enforce the statute).  Courts have not read

*Young* expansively, and it does not apply when a defendant state official has neither

enforced nor threatened to enforce the allegedly unconstitutional state statute.  *1ˢᵗ Westco*

*Corp. v. School Dist. of Philadelphia*, 6 F.3d 108, 112 (3d Cir. 1993) ("joining of a party

based solely on his general obligation to uphold the law is appropriate only when there is

a real likelihood or realistic potential that the connection will be used against the

plaintiff's interest") (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1208 (3rd Cir.

1987)).

### D.     SBA List's Motion for Summary Judgment

This Court declines to address any of the substantive issues raised in the motion

for summary judgment, as the Court has already determined that this case is not

justiciable, and, therefore, this Court does not have jurisdiction.

### III.    CONCLUSION

Accordingly, as explained herein:

1.  Defendants Ohio Election Commission and its members' motion to dismiss
    Susan B. Anthony List's amended complaint (Doc. 29) is **GRANTED**;

2.  Defendant Driehaus's motion to dismiss (Doc. 31) is **GRANTED**;

3.  Defendant Secretary of State Jon Husted's motion to dismiss (Doc. 49) is
    **GRANTED**; and

4.  Plaintiff SBA List's motion for summary judgment (Doc. 33) is **DENIED**
    as **MOOT**.

-20-

**IT IS SO ORDERED.**

Date:  8/1/11

Timothy S. Black
United States District Judge