**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

SUSAN B. ANTHONY LIST, *et al.*, Consolidated Case No. 1:10-cv-720

Plaintiffs, Judge Timothy S. Black

vs.

REP. STEVE DRIEHAUS, *et al.*,

Defendants.

**ORDER GRANTING PLAINTIFF SUSAN B. ANTHONY LIST'S MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

On August 1, 2011, this Court entered its Order Denying Plaintiff Susan B. Anthony List's Motion for Summary Judgment on Defamation (Doc. 66), whereupon Plaintiff timely moved this Court to certify its Order for interlocutory appeal pursuant to 28 U.S.C. §1292(b). Upon careful consideration, the Court **GRANTS** Plaintiff's motion for the reasons stated below.

Under 28 U.S.C. § 1292(b), the Court of Appeals will have jurisdiction over an interlocutory appeal if the district judge is of the opinion that: (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

In the present case, only the counterclaim of former U.S. Congressman Steve Driehaus for defamation against the Susan B. Anthony List remains pending in this Court. And, in denying Plaintiff's Motion for Summary Judgment on Defamation, this Court resolved at least one question of law, the determination of which the other way would have terminated this case in its entirety.

As a threshold issue, this Court was required to decide the question of law whether the allegedly defamatory statements were expressions of opinion or statements of fact. If the statements were opinions, there would be no cause of action for defamation.

Under Ohio law, a statement of opinion is "not actionable as defamation." *Shriver v. Warman*, 925 N.E.2d 1052, 1058 (Ohio 2009). And under Ohio case law, determining whether a particular statement is one of opinion or fact is a question of law for the court. *Vail v. The Plain Dealer Publ'g Co.*, 649 N.E.2d 182, 184 (Ohio 1995). Making that determination requires the court to apply the "totality of the circumstances" test adopted by the Supreme Court of Ohio in *Scott v. News Herald*, 496 N.E.2d 699, 705 (1986). *See also Wampler v. Higgins*, 752 N.E.2d 962, 970 (Ohio 2011); *Vail*, 649 N.E.2d at 185. Specifically, a court should consider: (1) the specific language at issue; (2) whether the statement is verifiable; (3) the general context of the statement; and (4) the broader context in which the statement appeared. *Wampler,* 752 N.E.2d at 970. Accordingly, this Court entered its Order concluding that "upon consideration of the four factors and the totality of the circumstances, this Court is unable to find as a matter of law that the statements are protected opinions." (Doc. 66 at 17).

Upon careful consideration, this district judge is of the opinion that: (1) this part of the Order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the Order may materially advance the ultimate termination of the litigation.

(1) The determination that the statements are not opinions involves a controlling question of law. *See supra.*[1]

(2) There is substantial ground for difference of opinion here. The Oklahoma Supreme Court held in *Herbert v. Oklahoma Christian Coalition*, 992 P.2d 322, 327 (Okla. 2001) that statements somewhat similar to the ones in the present case were "defendant's opinions ... based upon its review of plaintiff's votes on certain issues and on materials from other organizations." Likewise the Nebraska Supreme Court has held that certain political statements were not actionable because they "appeared in a political campaign brochure" which was "written to persuade voters to vote against Moats through the use of rhetoric and hyperbole[.]" *Moats v. Republican Party of Nebraska*, 769

---

[1] Mr. Driehaus's counterclaim for defamation involves five allegedly defamatory statements:

(1) SBA List's statement on or about August 9, 2010 that Mr. Driehaus "voted for a health care bill that includes taxpayer-funded abortion.";

(2) SBA List's planned billboard, made public on September 28, 2010, which stated: "Driehaus voted FOR taxpayer-funded abortion.";

(3) SBA List's statement released on October 7, 2010: "It is a fact that Steve Driehaus has voted for a bill that includes taxpayer funding of abortion.";

(4) SBA List's other statement of October 7, 2010 that Mr. Driehaus "ordered Lamar Companies not to put up the billboards until the matter was settled by the Ohio Elections Commission."; and

(5) SBA List's radio ad, which started running on or about October 19, 2010, stating: "Steve Driehaus voted for taxpayer funding of abortion when he cast his vote for the health care reform bill . . . Driehaus voted for taxpayer funding of abortion."

(Doc. 18 at ¶¶ 19, 20, 26, 27).

Twenty four days after Mr. Driehaus filed his answer and counterclaim, SBA List moved for summary judgment on the counterclaim, alleging that the statements are: (1) protected opinion; (2) not capable of defamatory meaning; and (3) not false or made with actual malice. (Doc. 34).

N.W.2d 584, 596 (Neb. 2011). Although this Court distinguished the *Herbert* and *Moats* cases, the presence of cases from two state supreme courts which appear contrary to this Court's determination supports the assertion that there is substantial ground for difference of opinion. Also, the decision of the Supreme Court of Ohio in *Vail,* while distinguishable on the facts, also may signal substantial ground for difference of opinion here.

(3) An immediate appeal from the Order may well materially advance the ultimate termination of the litigation because a reversal would end the case, or, as List asserts, an affirmance may well spur the parties to settle.

Accordingly, this Court certifies for interlocutory appeal the question of law whether the allegedly defamatory statements here were protected statements of opinion or non-protected statements of fact.

This Court recognizes that it is certifying its Order Denying Summary Judgment on Defamation (Doc. 66), and not simply the question of law as to whether the allegedly defamatory statements were opinions or statements of fact. *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 912 (6th Cir. 1993). In fact, this Court also ruled that the statements were potentially capable of defamatory meaning, potentially false, and potentially indicative of actual malice – stating that "construing the facts in the light most favorable to the non-moving party, the statements are capable of defamatory meaning" and that "the Court cannot grant summary judgment where, at this early stage, the Plaintiff is able to produce significant evidence that the statements are false," and that "there are issues of material fact regarding whether SBA List acted with actual malice" ... and that "actual malice is a factual analysis that cannot be determined without discovery." (Doc. 66 at 19,

21, and 23 & 25). If these be resolutions of questions of law, this Court would also suggest for interlocutory review whether the statements are potentially capable of defamatory meaning, potentially false, and potentially indicative of actual malice.

Wherefore, given this Court's certification of its Order of August 1, 2011 for interlocutory appeal, all proceedings in this civil action are hereby **STAYED** in this Court during the pendency of the appeal.

**IT IS SO ORDERED.**

Date: 11/2/11

Timothy S. Black
Timothy S. Black
United States District Judge