UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN B. ANTHONY LIST, et al.,     Case No. 1:10-cv-720
    Plaintiffs,     Judge Timothy S. Black

vs.

REP. STEVE DRIEHAUS, et al.,

    Defendants.

### ORDER DENYING PLAINTIFF SUSAN B. ANTHONY LIST'S SECOND MOTION FOR §1292(b) CERTIFICATION (DOC. 77)

Plaintiff Susan B. Anthony List ("SBA List") brought this action against former U.S. Representative Steve Driehaus and members of the Ohio Election Commission, alleging that provisions of the Ohio Revised Code regulating campaign speech are unconstitutional. (Doc. 1 at 7-10). Defendant Driehaus counterclaimed, asserting that statements made by the SBA List concerning his 2010 campaign for re-election were defamatory. (Doc. 18 at 15-16). SBA List filed a motion for summary judgment on the defamation claim, which this Court denied on August 1, 2011. (*See* Doc. 66). Subsequently, this Court granted Plaintiff's Motion for a Certificate of Appealability (Doc. 70) on November 2, 2011 and certified that the decision was appropriate for an interlocutory appeal under 28 U.S.C. § 1292(b). (*See* Doc. 75).

Once the district court has issued a certificate of appealability, § 1292(b) provides that the Court of Appeals may "in its discretion, permit an appeal to be taken from [a certified] order, if application is made to it within ten days after the entry of the order."

Under §1292(b), SBA was permitted to file a petition for permission to appeal with the Court of Appeals on or before November 14, 2011. However, Plaintiff did not file a petition until November 16, 2011.

After filing its petition in the Court of Appeals, SBA List filed a motion to extend the time for its petition, stating that it had initially believed that Federal Rule of Appellate Procedure 26(c) afforded it 3 extra days to act. On February 24, 2012, the Court of Appeals denied Plaintiff's petition for permission to appeal, explaining that "failure to file a petition within ten day's of the district court's certification order 'is a jurisdictional defect that deprives this court of the power to entertain an appeal.'" *In re Susan B. Anthony List*, No. 11-312, (6th Cir. Feb. 24, 2012) (citing *In re City of Memphis*, 293 F.3d 345, 348 (6th Cir. 2002). "Neither the district court nor the court of appeals can extend the 10-day period." *Id*.

Prior to the ruling of the Court of Appeals, SBA List filed a motion asking this Court to vacate and reissue its order granting a certificate of appealability so as to restart the 10 day period for filing a petition in the Court of Appeals. (Doc. 77). Driehaus opposes the motion, and it is now fully briefed and ripe for review.

The general rule in the Sixth Circuit is that the district court may not vacate and reissue an order granting a certificate of appealability so as "to do by indirection that which neither it nor [the Court of Appeals] could do directly, i.e., extend the jurisdictional period of time which the petitioner had permitted to elapse." *Woods v. Balt. and Ohio*

*R.R. Co.*, 441 F.2d 407, 408 (6th Cir. 1971). There is a limited exception to this rule, permitting the district court to vacate and reissue its §1292 order "when the late filing was due not to error of the appellant but that of the district court." *In re City of Memphis*, 293 F.3d 345, 360 (6th Cir. 2002).

SBA List argues that it missed the filing deadline "through no neglect of its own but rather due to an ambiguity in the federal rules"and urges the Court to find this case within the exception discussed in *In re Memphis*. (Doc. 77 at 3). However, the Sixth Circuit's recent decision expressly held that "the instant case does not present such a situation" and that "SBA List missed the ten-day filing period solely based on its own error." *In re Susan B. Anthony List*, No. 11-312, (6th Cir. Feb. 24, 2012). Given these facts, the Court finds it is without authority to vacate and reissue its order granting Plaintiff a certificate of appealability.

Accordingly, Plaintiff SBA List's Second Motion for Section 1292(b) Certification (Doc. 77) is **DENIED**.

**IT IS SO ORDERED**.

Date: 3/30/12                                                                 *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge